## Richmond

### LELIA KATHRYN SNEAD CARPER

### V.

### LEO SAMUEL CARPER

Record No. 812084.

September 7, 1984.

Present: Carrico, C.J., Cochran, Poff, Compton, Russell and Thomas, JJ., and Harrison, Retired Justice.

*Ellen M. Arthur* for appellant.
*Michael McHale Collins (J. Gregory Moonery; Collins & Singleton,* on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

In this domestic relations case, we must consider the effect of a provision in a divorce decree requiring a husband to make mortgage payments upon the former marital home.

Lelia and Leo Carper were married in 1970. In 1979, they separated, and Leo filed suit for divorce. Three days after suit was filed, by agreement, the court held a hearing on a motion for *pendente lite* relief. The resulting *pendente lite* order included the following provisions:

> [T]he complainant shall make the mortgage payments on the house and pay to the defendant as support and maintenance for the defendant and said infant children the sum of $165.00 each . . . payday. . . . Out of said payment the defendant is ordered to pay the utility payments along with food and clothing for herself and said children.

In 1980, a final decree of divorce was entered, which dissolved the marriage upon "no-fault" grounds and provided that the

*pendente lite* decree "shall remain in full force and effect until otherwise amended by Court order."

Lelia and the three children of the parties continued to reside in the marital home. Leo made the mortgage payments as they fell due, beginning in March 1979, and made the support payments to Lelia required by the *pendente lite* decree.

In July 1980, Leo filed suit for partition of the former marital home. In January 1981, after the court had entered a decree of sale, the parties settled the partition suit by conveying the property to Lelia's parents, who expressly assumed the mortgage and agreed to save the Carpers harmless from the underlying debt. Lelia's parents joined in the deed for this purpose and paid Leo $5,000.00 for his share of the equity in the property. Lelia and the children continued to live in the house. Lelia paid rent to her parents in the amount of $150.00 per month, beginning in March 1981. Leo made his last mortgage payment in February 1981, and Lelia's parents made them thereafter. The partition suit was dismissed.

In June 1981, Lelia caused the divorce suit to be reinstated on the docket for the purpose of obtaining a judgment for Leo's alleged arrears in the monthly mortgage payments, and to seek an increase in support. The court referred these matters to the juvenile and domestic relations court which, after a hearing, increased child and spousal support from $165.00 to $240.00 bi-weekly, but held that Leo was not in arrears as to the mortgage payments. On appeal, tried *de novo*, the circuit court increased the child and spousal support to $260.00 bi-weekly, but concurred in the juvenile court's ruling concerning the mortgage payments and denied Lelia's motion for a judgment for arrears and for enforcement by contempt proceedings. Lelia appeals the trial court's denial of relief for arrears in the mortgage payments.

Lelia argues on appeal that the provision in the final decree of divorce continuing the *pendente lite* orders in effect can only be construed as an order for child and spousal support. She points out that under Code § 20-103, under which *pendente lite* relief was granted, the court had authority to make orders "to preserve the estate of either spouse," and concedes that the provision concerning mortgage payments might have been so construed during the pendency of the divorce suit. She further notes, however, that Code § 20-107, which governed the final decree of divorce, gave

the court only the power to make orders concerning the maintenance and support of the parties and their children.*

Therefore, the argument continues, since the court's decree must be construed to be consistent with the court's jurisdiction, the provision for mortgage payments must be construed as an order for support; an order for support may not be modified retroactively, *Richardson* v. *Moore*, 217 Va. 422, 424, 229 S.E.2d 864, 866 (1976); a party subject to such an order must make payment in strict accordance with its terms and must petition the court for relief if he desires a modification due to changed circumstances, *Newton* v. *Newton*, 202 Va. 515, 118 S.E.2d 656 (1961); and the right to support payments becomes vested as they accrue, so that the court has no authority to make changes in past due installments. *Cofer* v. *Cofer*, 205 Va. 834, 838, 140 S.E.2d 663, 666 (1965). Because the court never entered an order relieving Leo of his duty to make continuing mortgage payments, Lelia contends that her right to them became vested each month as they fell due.

Leo points out that he has made all support payments required of him; that the mortgage payment provision in the *pendente lite* decree referred to "the house," which can only be construed to refer to the former marital home of the parties; that he made the mortgage payments as long as the parties owned the property; and that thereafter both parties were relieved of the burden of the mortgage by the terms of the settlement they reached with Lelia's parents. Having fully complied with the court's orders, he argues, he is not in arrears.

██ We will assume, without deciding, that the mortgage payment provision, after final divorce, constituted an order for support. Nevertheless, we think that Leo fully complied with its terms and never fell into arrears. In *Fearon* v. *Fearon*, 207 Va. 927, 154 S.E.2d 165 (1967), a husband was ordered to pay to a wife $400.00 per month for the support of herself and the three children of the parties. Over a five year period, $19,200.00 accrued to the wife pursuant to the order, but the husband's payments to her during the period totalled only $12,850.00. Cited for contempt,

---

* Code § 20-107 had formerly authorized the courts to make decrees concerning the "estate" of the parties, but that provision was deleted in 1977. Code § 20-107 (1975 Repl. Vol. & Supp. 1977). In 1982, § 20-107 was repealed and replaced by § 20-107.1 as to spousal support, § 20-107.2 as to child support, and § 20-107.3 as to distribution of property. These enactments were specifically made inapplicable to pending litigation and, thus, have no effect on this case. Acts 1982, c. 309.

the husband proved that he had paid the expenses of one child at the University of Virginia and had been granted custody of a second child, whom he thereafter supported entirely. The trial court gave the husband credit for $6,400.00 expended directly for the benefit of the two children, which more than offset his arrearage to the wife. We reversed the trial court's dismissal of the contempt rule. Citing *Newton* and *Cofer*, we adhered to the view that a party subject to a support order must make payments strictly "according to the terms of the decree. . . ." *Fearon*, 207 Va. at 930, 154 S.E.2d at 167. In the event of a change in circumstances, such a party's remedy is to apply to the court which entered the order for a modification. *Id.* at 932, 154 S.E.2d at 168.

The distinction between *Fearon* and the present case is patent. Mr. Fearon was ordered to make all payments for spousal and child support to his wife. Here, Mr. Carper was ordered to make payments partly to his wife and partly to a mortgagee. Mr. Fearon was not permitted to take credit for payments made other than as ordered by the court. Mr. Carper made payments strictly as ordered by the court.

The orders of the court below can only be construed as a requirement that the husband make mortgage payments on the home the parties had formerly occupied as a marital residence. The evident purpose of the court's orders was to relieve the wife of this burden while providing direct support to her for the family's other living expenses. When Leo, with Lelia's acquiescence, conveyed the property to her parents, an arrangement was reached whereby the new owners took over the burden of the mortgage payments by express covenant. This fulfilled the purpose of the mortgage payment requirement. Its effect was the same as if Leo had arranged for the payment of the mortgage out of other assets of his own.

It is true, as Lelia argues, that her living expenses were increased by the $150.00 she paid her parents as monthly rent. This, however, constituted a change in conditions for which she could, and promptly did, seek relief pursuant to Code § 20-109.

A necessary concomitant of our rule that the terms of a support order must be strictly complied with is that the parties are entitled to rely on the language of the order. The language of the orders before us did not entitle Lelia to receive the mortgage payments. She, therefore, acquired no vested right in them as they

accrued, and cannot insist they be paid to her until the court orders otherwise.

Finding no error in the ruling of the trial court, we will affirm the decree.

*Affirmed.*