**Salem**

DONALD L. HENDERLITE

v.

JUDITH O. HENDERLITE

No. 0303-86-3

Decided January 6, 1987

COUNSEL

John H. Tate, Jr. (Gwyn, Tate and Tate, on brief), for appellant.

Donald G. Hammer (Burke, Graybeal and Hammer, on brief), for appellee.

OPINION

**KOONTZ, C.J.** — Donald L. Henderlite appeals a decision of the Circuit Court of Smyth County granting Judith O. Henderlite a judgment for $3,859 for delinquent child support. Finding no error, we affirm.

Donald and Judith Henderlite were divorced on August 18, 1978. The final decree incorporated a written separation agreement signed by the parties on April 11, 1978. This agreement provided for the custody and support of their three minor children. Specifically, Article IV of the agreement provided in pertinent part that "custody of the children born of this marriage will be in both parents, with physical control and care of the children to be worked out between the parties from time to time." Article V of the agreement provided in pertinent part:

> The [father] hereby agrees that he will pay . . . the [mother] . . . $67.00 per month per child for the support and maintenance of the children . . . said payments are to be paid monthly until the children reach the age of eighteen or otherwise become emancipated.

In September, 1985 Judith filed a motion for a rule in the Juvenile and Domestic Relations District Court of Smyth County alleging that Donald was in arrears in his child support payments.

At the subsequent hearing, Donald introduced a chart which showed his payments and the times when one, two or three of the children were in his physical custody. Based on this evidence, he maintained that he made the required child support payments when the children were in the physical custody of Judith. The district court and the circuit court on appeal found the agreement unambiguous and, in awarding a judgment for arrearages, held that Donald was required to pay the entire child support amounts to Judith even during the periods he had physical custody of the children.

 The issue before us is the proper interpretation of the parties' agreement. The trial court found, and we agree, that the agreement is unambiguous. Where the agreement is unambiguous, its meaning and effect are questions of law to be determined by the court and the same rules of interpretation applicable to contracts generally apply to these agreements.

> We adhere to the "plain meaning" rule in Virginia: "[W]here an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself . . . . This is so because the writing is the repository of the final agreement of the parties."

*Tiffany v. Tiffany*, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985)(quoting *Berry v. Klinger*, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983)).

 Donald contends that the "plain meaning" of the agreement required him to pay $67.00 per month per child *only* when that child was in Judith's physical custody. The answer to that contention is simply that the agreement does not so provide. "[C]ourts cannot read into contracts language which will add to or take away from the meaning of the words already contained therein." *Wilson v. Holyfield*, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984). The agreement here requires the payment of child support without regard to physical custody. Furthermore, it is clear, as the trial court noted, that Judith would continue to maintain appropriate "facilities" for all of the children even during the periods when one or more of them was temporarily in Donald's physical custody. We need call upon no more authority than common sense to find that the expenses of maintaining an appropriate home for

three children does not automatically terminate and resume with the periodic temporary shift of physical custody of one or more of the children. Thus, the provision for a consistent total monthly child support is entirely consistent with the parties' intention as expressed by the language of this agreement.

■ Finally, we address Donald's contention that our decision in *Acree v. Acree*, 2 Va. App. 151, 342 S.E.2d 68 (1986), is controlling. Donald contends that he "fulfilled his obligation under the decree" by supporting the children during the periods in which they were in his physical custody and that to deny him an abatement of child support during these periods would "unjustly enrich" Judith. We disagree. In *Acree*, we found a very narrow exception to the general rule denying credit for nonconforming child support payments. There, based on the "unique facts" that the mother voluntarily entered into an agreement to relinquish custody on a *permanent* basis and further agreed to the elimination of support payments and the father assumed total responsibility for support of the child until she reached her majority, we held that the father fulfilled his obligation under the decree and that the mother was not entitled to an award for arrearages. In *Acree*, we further noted that, most importantly, "failure to enforce the letter of this decree under these circumstances will not work to the detriment of the child." *Id.* at 158, 342 S.E.2d at 72. In so holding, we noted that the rationale for denying relief for nonconforming support payments is the avoidance of continuous trouble and turmoil. Detriment to the children and the custodial parent together with the potential for continuous confusion would result if we were to adopt Donald's contention. Donald did not permanently assume physical custody of the children and Judith did not voluntarily agree to the elimination of child support payments. Donald's obligation under the decree, therefore, was not fulfilled. His obligation under the decree, as expressed in the agreement, was to pay $67.00 per month per child to Judith until each child became eighteen or otherwise emancipated. Assuming physical custody and admittedly supporting the children during temporary periods, without providing the means for Judith to maintain a home to which the children could and did return, worked to the detriment of the children and supplied a basis for continuous trouble and turmoil of the kind repeatedly condemned by the appellate courts of this Commonwealth.

Accordingly the decision below is affirmed.

*Affirmed.*

Hodges, J., and Moon, J., concurred.