COURT OF APPEALS OF VIRGINIA

Present:  Judge Benton, Senior Judges Cole and Hodges
Argued at Richmond, Virginia

PAMELA HUNTER CLAYTOR, f/k/a
 PAMELA HUNTER SUTER
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 1198-94-2          JUDGE JAMES W. BENTON, JR.
                                         JUNE 13, 1995
MARK FRANKLIN SUTER


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    John F. Daffron, Jr., Judge

            Charles E. Powers (Edward D. Barnes; Edward D.
            Barnes & Associates, P.C., on briefs), for
            appellant.

            Matthew N. Ott for appellee.


     This appeal arises from the trial judge's interpretation of

a property settlement agreement which, at an earlier proceeding,

was affirmed, ratified, and incorporated into the parties' final

divorce decree.  Pamela Hunter Claytor contends that the trial

judge erred by failing to order an increase in the father's child

support payments, by not requiring the father to provide

verification of his life insurance policy, and by failing to

award her attorney's fees.  We affirm the order.

                                I.

     The parties' property settlement agreement, which provided

for spousal and child support, child custody, property division,

and other matters relating to the marriage, was affirmed,

ratified, and incorporated into the parties' final divorce decree

on May 14, 1988.  In 1993, the mother filed a petition alleging

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that she was entitled to an increase in the amount of child support pursuant to the agreement.

Section Nine of the agreement provides for the following child support obligation:

> [Father] agrees to pay to [mother] child support for the benefit of [the child], in the amount of Six Hundred Dollars ($600.00) per month, until changed by agreement of the parties, or a Court of appropriate jurisdiction.

> &ast; &ast; &ast; &ast; &ast; &ast; &ast;

> The parties further agree that the child support payments shall be adjusted at least as often as [father] receives a raise. Such child support shall automatically be increased in the same percentage as the percentage increase of [father's] gross income. Such child support increase shall begin at the time of [father's] next raise after execution of this agreement, but this is in no way a limitation of [mother's] right to seek a greater increase based on the circumstances, but the parties agree that the Court, at no time, shall set the amount less than the current Six Hundred Dollars ($600.00) per month.

The parties agree that the following chart represents the father's gross income, annual percentage increases in father's income, and the father's monthly child support payments as agreed by the parties:

| Year | Income | % Increase | Support Paid |
|------|--------|------------|--------------|
| 1985 | $65,819 | --- | $600 |
| 1986 | $75,730 | 15.1 | $700 |
| 1987 | $83,445 | 10.2 | $800 |
| 1988 | $84,745 | 1.6 | $900 |
| 1989 | $95,473 | 12.7 | $1,200 |
| 1990 | $105,440 | 10.4 | $1,200 |
| 1991 | $118,611 | 12.5 | $1,200 |
| 1992 | $128,561 | 8.4 | $1,200 |

The mother contends that although the trial judge correctly looked to the terms of the agreement to determine the father's child support obligation, the trial judge erred in using $600 as the base amount from which to calculate increases. She argues instead that the base figure to be used is $1,200 because each time the support amount is increased "by agreement of the parties," that amount is the base figure from which to calculate the increase.

The father, on the other hand, argues that the agreement is not controlling because Code § 20-108 provides the trial judge with continuing jurisdiction to modify child support. He argues, alternatively, that if the agreement is controlling, the trial judge correctly used 1985 as the starting point for calculating the amount of support.

Code § 20-109.1 provides that "[w]here the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree." Thus, the trial judge did not err in looking to the terms of the agreement as incorporated in the decree to calculate the child support obligation. Simply put, the issue to be resolved is whether the trial judge correctly applied the terms of the agreement.

The agreement that was incorporated into the decree provided a formula to increase child support. That formula is not complex and can be plainly understood. "'[W]here an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." Henderlite v. Henderlite, 3 Va. App. 539, 541, 351 S.E.2d 913, 913-14 (1987) (citation omitted). Furthermore, it is elementary that when an agreement is complete on its face, "'courts cannot read into [its'] language which will add to or take away from the meaning of the words already contained therein.'" Id. at 542, 351 S.E.2d at 914 (citation omitted).

The agreement contains the starting point for the calculation because it provides that the "increase shall begin at the time of Husband's next raise after execution of this agreement." The trial judge reasoned that this phrase establishes that the increases should be calculated from the initial support amount of $600.00. We agree. The only logical way to compute the obligation is to begin at the base amount and compute each succeeding adjustment. Nothing in the agreement provides that the parties' agreement on the amount to be paid in any year changes the base calculation or the formula. To hold "otherwise would require this court to alter the plain language of the agreement." Dean v. Dean, 8 Va. App. 143, 148, 379 S.E.2d 742, 745 (1989).

III.

Section Twelve of the Agreement requires the father to maintain life insurance on his life and to pay the policy premiums for the benefit of the mother and their child. The mother petitioned the trial judge to order the father to "confirm on an annual basis in writing by notification from each insurance company that the policies of insurance remain in effect." The trial judge found that the agreement did not require annual notifications and denied the relief. The mother contends that she and the child would have no remedy should the father fail to maintain and pay the life insurance premiums. Thus, she argues that the trial judge abused his discretion and denied her equitable relief by refusing to order the father to verify his payments.

We agree with the trial judge that the agreement did not require the father to confirm the existence of the policies by providing by annual written verification from the insurance company. The trial judge "remind[ed] [the father] of his obligation . . . to maintain such [insurance] policies . . . [and suggested that] counsel could establish an informal procedure for confirming the existence of these policies." We find no error.

IV.

The mother also appeals the trial judge's decision regarding attorney's fees. The trial judge awarded fees to the father and denied the mother's request for attorney's fees. An award of

attorney's fees is within the trial judge's discretion.  <u>Stratton v. Stratton</u>, 16 Va. App. 878, 884, 433 S.E.2d 920, 923 (1993).  "We have said that 'the key to a proper award of counsel fees . . . [is] reasonableness under all of the circumstances revealed by the record.'"  <u>Poliquin v. Poliquin</u>, 12 Va. App. 676, 682, 406 S.E.2d 401, 405 (1991) (citation omitted).  No evidence has established that the trial judge abused his discretion in awarding attorney's fees to the father.

For the reasons stated above, we affirm the order.

<u>Affirmed</u>.