COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia

ELLYN GLASS WILDERMAN
                                          OPINION BY
v.   Record No.  2109-96-4    JUDGE ROSEMARIE ANNUNZIATA
                                        SEPTEMBER 2, 1997
DAVID ALBERT WILDERMAN

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

Patrick J. Norman (P. Elizabeth Pirsch, on
brief), for appellant.

No brief or argument for appellee.


Wife, Ellyn Glass Wilderman, appeals the trial court's
finding of the amount of a child support arrearage owed by
husband, David Albert Wilderman.  She contends the finding is
erroneous because it provided husband various credits against his
outstanding support obligation.  For the reasons which follow, we
affirm in part and reverse in part.

I.

The parties separated in March 1994, and a custody and
support order with respect to their minor child was entered by
the J&DR court in July 1994.  Child support was to be paid
through the Department of Social Services' Division of Child
Support Enforcement (DCSE).  The record makes clear, however,
that neither party insisted that husband strictly meet his
support obligation through DCSE.  Instead, evidence shows that
husband sought to satisfy his obligation in part through direct

payments to wife, through indirect payments to third party vendors and by other non-conforming means. The evidence also shows that wife, on at least two occasions, specifically requested DCSE to credit husband's account in various amounts. Eventually, a dispute arose concerning the amount of support husband had paid. In July 1996, a hearing was held in circuit court to determine, inter alia, the amount, if any, of husband's support arrearage.

Dan Coler, a DCSE specialist, testified based on DCSE records that husband owed a child support arrearage of approximately $620. Neither party disputed at trial, nor does husband dispute on appeal, that he owed at least that amount.

The dispute surrounds two credits against husband's support obligation reflected in DCSE records in the amounts of $1,000 and $6,121.19, respectively. Coler could offer no explanation for the credits but testified that the adjustments to husband's account did not represent payments made by husband to DCSE.

The credits existed on the DCSE records because wife wrote to DCSE, specifically requesting that the record reflect them. In December 1995, she wrote to DCSE:

> Per our conversation in early December
> regarding my case, you had indicated that
> what [husband] owes is ultimately my
> decision. Because he has shown good faith in
> paying his support, and because he is seeking

2

a transaction which requires a credit check, I would like to help him preserve his otherwise good credit. This has been a very confusing process with a lot of different figures being quoted; in response to this, I would like to simplify matters by erasing all but $1000 in back child support from his credit record. It is my understanding that he currently owes, according to your department, $3600. Please reduce this to $1000, with my notarized approval, to be reflected on his credit history report. . . .

In February 1996, wife wrote to DCSE:

It is my understanding that [husband] currently owes arrerages [sic] in child support . . . in the amount of $1400. This letter is to request that $1000 be removed from that total and credited to [him]. . . .

The parties dispute the consideration husband provided in return for wife's requests that DCSE credit his account. Wife acknowledged that the $6,121.19 credit resulted from her December 1995 request of DCSE to reduce husband's outstanding support obligation to $1,000, although she contended she believed his account balance was $3,600 at the time she made the request. She testified that husband asked her to have the DCSE record reduced to reflect an obligation of only $1,000 because he was having difficulty obtaining credit. She stated that she agreed to help

3

husband in return for his promise to repay her. Husband testified that the $6,121.19 credit was given in consideration for payments he had made in support of the parties' child for day care, doctor visits, food and cash. Husband testified that he paid wife approximately $2,500 directly and paid the remainder through third parties. Wife testified, and her evidence reflects, that husband paid her $1,252 directly. Those payments, however, are not reflected in the DCSE report.

The parties do not dispute that the $1,000 credit was given by wife in return for husband's agreement to repair her car; they disagree, however, concerning husband's performance. Wife alleged that husband failed to repair the car and returned it to her in poor condition. Husband testified that he had completed ninety percent of the repairs, work which he stated was worth over $1,000, when wife, on the advice of her attorney, demanded that he do no further work.

> The trial court made the following finding:
>> On the arrearage, it seems to me that the testimony of the parties is in direct conflict and so I can't find that one party really prevailed by a preponderance of the evidence on these credits, so I'm forced to then look as DCSE, who has an obligation, it seems to me, to administer child support.
>
>> The J&DR Court obviously directed that these payments be made there and DCSE says the arrearages are 550 and some dollars, and so when I look at the testimony I've heard, I can't find that one side prevailed by a preponderance of the evidence, I'm left with the DCSE figure, it seems to me.
>
>> So I find that the arrearages are as

4

stated by DCSE.

The court's order reflected its finding, establishing an arrearage of $620.89.

## II.

As a general rule, the obligor spouse may not receive credit for non-conforming child support payments.  See Henderlite v. Henderlite, 3 Va. App. 539, 542, 351 S.E.2d 913, 914 (1987).  The rule is intended to avoid "continuous trouble and turmoil," id., such as that brought upon by the parties' failure in the present case to insist that support payments be made in compliance with the support order.  The general prohibition against credit for non-conforming support payments will not be enforced, however, where, under the circumstances of the case, equity dictates otherwise.  In short, contrary to wife's contention, the law dictates no blanket prohibition against credits for non-conforming child support payments.  See Commonwealth v. Skeens, 18 Va. App. 154, 442 S.E.2d 432 (1994); Acree v. Acree, 2 Va. App. 151, 342 S.E.2d 68 (1986).

> Child support payments required under a valid court order become vested as they accrue, and the court is without authority to make any change as to past due installments.  Generally, the terms of a support decree must be strictly complied with and payments made when due to the designated payee in accordance with the terms of the decree.  When changed circumstances dictate a modification of a support decree, the appropriate remedy is for the party to petition the court to modify the decree.  The party or parties may not unilaterally or bilaterally vary its terms.

5

However, although a court may not retroactively modify a child support obligation, allowing a payor spouse credit for non-conforming support payments, in the limited situations where permitted, is not a modification of a support order. A court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the non-conforming payment substantially satisfies the purpose and function of the support award and to do so does not vary the support award.

Skeens, 18 Va. App. at 158, 442 S.E.2d at 434-35 (citations omitted). Typically, two conditions must exist before credits will be given for non-conforming payments: (1) an agreement by the parties which modifies the terms or method of payment; and (2) no adverse affect on the support award.[1]

Credit to an obligor spouse typically is not permitted where that party has unilaterally modified the method or terms of payment. See Buxbaum v. Buxbaum, 20 Va. App. 181, 185, 455

---

[1] An agreement which itself establishes or modifies the support obligation, rather than only the terms or method of payment, does not meet this test. Such agreements are not enforceable absent court approval, because they impinge on the child's right to support and the court's continuing jurisdiction to decree it. See Kelley v. Kelley, 248 Va. 295, 298-99, 449 S.E.2d 55, 56-57 (1994) ("[P]arents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support."); Goodpasture v. Goodpasture, 7 Va. App. 55, 58, 371 S.E.2d 845, 847 (1988) ("[J]ust as a party cannot by contract or acquiescence modify the terms of a support order, a party cannot by waiver modify the terms of a support order."); Richardson v. Moore, 217 Va. 422, 423, 229 S.E.2d 864, 866 (1976) (regarding spousal support award: Neither a wife's "active contractual consent" nor her "passive acquiescence" excuses a husband's noncompliance with a court's support decree) (citing Capell v. Capell, 164 Va. 45, 178 S.E. 894 (1935)).

6

S.E.2d 752, 755 (1995) (husband receives no credit against future spousal support obligation for additional payments made under terms of child support agreement because no agreement between parties to that effect); Sanford v. Sanford, 19 Va. App. 241, 248, 450 S.E.2d 185, 190 (1994) (husband receives no credit against spousal support obligation for additional payments because no agreement to that effect); Fearon v. Fearon, 207 Va. 927, 928-30, 154 S.E.2d 165, 165-67 (1967) (no evidence of agreement to credit husband's child support obligation for payments he made directly to child); Newton v. Newton, 202 Va. 515, 519, 118 S.E.2d 656, 659 (1961) (same). "Absent a specific, mutual agreement by the parties, `[s]upport payments made by an obligated spouse over and above court-ordered monthly support are considered gifts or gratuities.'" Buxbaum, 20 Va. App. at 186, 455 S.E.2d at 755 (quoting Sanford, 19 Va. App. at 248, 450 S.E.2d at 190); see also Fearon, 207 Va. at 931, 154 S.E.2d at 168; Goodpasture, 7 Va. App. at 59, 371 S.E.2d at 847. To permit a party to unilaterally modify the terms or methods of payment "would lead to continuous trouble and turmoil." Newton, 202 Va. at 519, 118 S.E.2d at 654.

However, modification of the terms or method of payment may be upheld where it is accomplished by "unequivocal agreement" and where it fulfills the purpose of the support decree. See Acree, 2 Va. App. at 155-57, 342 S.E.2d at 70-71. In Acree, the parties agreed that the husband would assume custody of a child who had

7

been in the wife's custody and for whom husband had paid support to wife pursuant to a court order. Upon the transfer of custody, the parties agreed that the husband would no longer pay the wife support for that child, but would instead support the child directly. Subsequently, the wife filed a motion for enforcement of the child support decree, claiming an arrearage that accrued during the years the child lived with the husband. We reversed the trial court's decision ordering the husband to pay the arrearage, stating:

> We simply refuse to reward an individual who seeks to take advantage of an agreement entered into freely and voluntarily, after it had been fully performed to her benefit. . . . To enforce the letter of the decree after its purpose has been served and the parties' agreement fully performed would unjustly enrich the wife and shock the conscience of the average person. Most important, failure to enforce the letter of this decree under these circumstances will not work to the detriment of the child, for whose benefit the support was to be paid. That agreement of the parties as carried out worked to the benefit of the child to the same degree that absolute conformity with the terms of the decree would have.

Id. at 158, 342 S.E.2d at 72. Indeed, an "unequivocal agreement" may not be necessary where non-conforming support payments "substantially satisf[y] the purpose and function of the support award . . . and [do] not vary the support award." Skeens, 18 Va. App. at 158, 442 S.E.2d at 435 (granting credit against obligor's child support arrearage for Social Security dependents' benefits paid directly to children).

8

The decision whether to grant credit for non-conforming support payments in consideration of the equities of a given situation is committed to the discretion of the trial court. Id. at 160, 442 S.E.2d at 436. That decision

> should depend upon a number of factors, including but not limited to the extent to which the original support award was sufficient or deficient in meeting the child's needs, whether any modification of the support award has been made . . . , or a change in the child's needs, or the parents' abilities to provide support . . . , and whether both parents have acted in good faith.

Id. Because the non-conforming method by which support was provided in Acree and Skeens satisfied the purpose and function of the respective support awards and did not vary them, the best interests of the children were protected and the non-conforming methods of payment were upheld.

In the present case, husband, the obligor, did not unilaterally decide or attempt to alter the terms or method of payment. Wife participated directly in the parties' non-conforming response to the support decree. Accordingly, under Acree and Skeens, the credits to husband must be evaluated on a transaction-by-transaction basis, with consideration given to the best interests of the child. Whether husband is entitled to have his support arrearage credited depends on whether the non-conforming support payments substantially satisfied the purpose and function of the support award. Pursuant to that analysis, the consideration husband gave for the credits is of

9

paramount importance. Husband bore the burden of proving that this was one of the "limited circumstances" in which he, the obligor spouse, was entitled to a credit for non-conforming support payments. See Skeens, 18 Va. App. at 158-60, 442 S.E.2d at 435-36; Acree, 2 Va. App. at 157-58, 342 S.E.2d at 171-72.

On the issue of consideration, the trial court's finding does not provide sufficient support for its order establishing an arrearage of only $620.89. The $620.89 amount, as reflected in the DCSE records, accounts for the credits at issue in this case. The court found, however, that neither party met its burden. Specifically, the court found that husband failed to prove he had provided consideration for the credits. Based on that finding, which will not be disturbed here, e.g., Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988), husband's support arrearage should not have been offset by the amount of the credits. The trial court's arrearage determination, however, based on the DCSE records, effectively provided husband the full benefit of the credits. This was error. The DCSE records contain no information regarding what, if any, consideration husband provided for the credits he was given. While the DCSE records account for the credits and establish that they were in fact given, they do not evidence in any respect whether husband's non-conforming method of providing child support furthered the best interests of the child by substantially satisfying the purpose and function of the support award. Thus, the trial

10

court's reliance on the DCSE records for proof of the requisite consideration in support of the credits sought was misplaced.

Since it was not disputed that wife received $1,252 in child support payments directly from husband, however, husband was properly credited that amount. Accordingly, the trial court's decision is affirmed in part and reversed in part.

<u>Affirmed in part, and reversed in part.</u>

11

Benton, J., concurring and dissenting.

Because the evidence in the record supports the trial judge's decision, I would affirm the judgment setting the arrearage at $620.89.

> Recently, this Court clearly stated the following: [A]llowing a payor spouse credit for non-conforming support payments, in the limited situations where permitted, is not a modification of a support order. A court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the non-conforming payment substantially satisfies the purpose and function of the support award and to do so does not vary the support award.

Commonwealth v. Skeens, 18 Va. App. 154, 158, 442 S.E.2d 432, 435 (1994) (citations omitted). In applying these principles on appeal, we view the evidence in the light most favorable to the prevailing party, granting to that evidence all reasonable inferences properly deducible therefrom. See Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

The wife acknowledged in her testimony that she requested the Division of Child Support Enforcement (DCSE) to credit the husband's outstanding support obligation in the amounts of $6,121.19 and $1,000, respectively. The wife made those requests because of agreements the wife and the husband made regarding the husband's payment of child related expenses and performance of work on the wife's automobile, all of which benefitted the child.

12

The husband testified that he had fully performed those obligations except for the repair of the automobile. He testified that he had performed ninety percent of the repairs on the automobile when wife's counsel caused the repairs to cease. The wife testified that the husband had only partially performed the obligations.

Finding a conflict in the testimony of the husband and the wife concerning the "evidence on these credits," the trial judge considered as evidence the DCSE reports. The majority asserts that the trial judge specifically found that the "husband failed to prove he had provided consideration for the credits" and that the trial judge erred in relying on the DCSE records as evidence of consideration. I disagree with the majority's characterization of the trial judge's findings. The trial judge stated the following:

> On the arrearage, it seems to me that the testimony of the parties is in direct conflict and so I can't find that one party really prevailed by a preponderance of the evidence on these credits, so I'm forced to then look at DCSE, who has an obligation, it seems to me, to administer child support.
>
> The J&DR Court obviously directed that these payments be made there and DCSE says the arrearages are 550 and some dollars, and so when I look at the testimony I've heard, I can't find that one side prevailed by a preponderance of the evidence, I'm left with the DCSE figure, it seems to me.
>
> So I find that the arrearages are as stated by DCSE.

Because the DCSE records were relevant to a determination of the

13

arrearages due, I would hold that the trial judge did not err in considering them in rendering his decision.

The DCSE records proved that in December 1995 the wife requested DCSE to grant the first credit of $6,121.19. Two months later, the wife requested DCSE to grant the credit of $1,000. The trial judge could have concluded from the sequence of credits that when the wife notified DCSE to give the second credit, the wife was satisfied that the husband had performed his obligations relating to the December credit of $6,121.19.

As to the $1,000 credit, the wife and husband agree that it was for car repairs. The husband testified that the repairs were ninety percent complete and he detailed the mechanical repairs he had made. The wife testified that she gave the car to the husband for repairs and that the repairs were not completed to her satisfaction. She did not dispute the husband's testimony that he replaced the timing belt, balanced and rotated the tires, repaired the brakes, tuned the engine, and changed the oil. More significant, the DCSE records do not reflect that the wife ever disputed the $1,000 credit or sought to have DCSE remove the credit.

Based upon the ore tenus evidence and the exhibits presented at the hearing, the trial judge found that the arrearage was precisely the amount shown on the DCSE records. Because the evidence supports that finding, we are required to affirm the decision. See Martin, 3 Va. App. at 20, 348 S.E.2d at 16.