COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton, Willis, Elder,
           Bray, Annunziata, Bumgardner, Frank, Humphreys, Clements
           and Agee
Argued at Richmond, Virginia


SUSIE VIRGINIA GALLAGHER
                                            OPINION BY
v.   Record No. 2443-99-4           JUDGE LARRY G. ELDER
                                           MAY 15, 2001
PATRICK STEPHEN GALLAGHER


                  UPON A REHEARING EN BANC

         FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  R. Terrence Ney, Judge

         Marcia M. Maddox (Teresa S. Cole; Cynthia A.
         King; Law Office of Marcia M. Maddox, on
         briefs), for appellant.

         Sharon K. Lieblich (Carolyn M. Grimes;
         Sharon K. Lieblich, P.C., on brief), for
         appellee.


    Susie Virginia Gallagher (mother) appeals from a ruling of

the Circuit Court of Fairfax County (trial court) which awarded

her former husband, Patrick Stephen Gallagher (father), credit

for non-conforming child support payments following the parties'

mediated adjustment of their joint physical custody arrangement.

On appeal, mother contends the trial court erroneously (1)

applied the exception established in Acree v. Acree, 2 Va. App.

151, 342 S.E.2d 68 (1986), to father's court-ordered child

support obligation to effect an improper retroactive

modification of support; (2) admitted into evidence father's

exhibit of comparative household expenditures; and (3) denied
mother's request for attorney's fees. A panel of this Court
disagreed with mother's contentions and, with one judge
dissenting, affirmed the ruling of the trial court. See 32 Va.
App. 714, 530 S.E.2d 913 (2000). We granted mother's petition
for rehearing en banc and stayed the mandate of that decision.

On rehearing en banc, we reverse the ruling of the trial
court insofar as it applied Acree to hold father owed no child
support arrearage. We expressly limit Acree's holding to cases
in which the payee spouse relinquishes physical custody
entirely. Here, because mother and father effected a
less-than-complete shift in physical custody, the trial court
abused its discretion in applying Acree to permit a modification
of the child support award. Thus, father's exhibit of
comparative household expenditures was irrelevant to the
proceedings and was improperly admitted into evidence. However,
because the parties jointly agreed to modify the agreement and
father complied with its terms, we affirm the trial court's
denial of wife's request for attorney's fees pursuant to the
agreement. Thus, we affirm in part, reverse in part, and remand
for further proceedings.

I.

BACKGROUND

Mother and father were divorced by final decree entered
June 20, 1992. The divorce decree affirmed, ratified and

incorporated the parties' 1991 child custody, support and property settlement agreement (1991 agreement). The 1991 agreement, inter alia, required father to pay child support for the parties' two minor children and set the amount of that support. The 1991 agreement also provided that the parties initially would share joint physical custody, with mother having physical custody sixty percent of the time and that, after the passage of two years, they would divide physical custody evenly with each party having the children fifty percent of the time. After an initial period in which father would pay $2,000 in child support each month, the 1991 agreement provided for an adjustment to $1,723, and indicated that "no adjustment in child support payments shall be required" so long as "the parties continue joint physical custody in which [mother] provides care for the children fifty percent of the time or more." The 1991 agreement also provided that "[i]f either party shall breach the terms of [the agreement] and that party is found to be at fault by a court of competent jurisdiction, then the party at fault shall pay the legal costs incurred by both parties caused by the breach."

Subsequently, the parties engaged in mediation, which included renegotiation of the amount of child support to be paid by father. In March 1995, they executed an agreement (1995 amended agreement) which provided that they would share physical custody on an equal basis and that father's child support

payments would be reduced to $1,100 per month and would "remain fixed" from September 1994 through December 1997 "so long as the equal sharing of parenting time continues." The 1995 amended agreement also provided that father would assume sole financial responsibility for certain extracurricular expenses. The parties further agreed that "[n]othing in this amendment shall bar either [party] from seeking additional child support adjustment or relief from a court of law. However, the purpose of this amendment is to avoid the necessity of doing so." Although the parties began to abide by the terms of the 1995 amended agreement following its execution, they did not submit the amended agreement to the trial court for approval and incorporation into the final decree.

In 1999, mother filed the present action, claiming entitlement to child support arrearages in the amount of $33,548.91 pursuant to the final decree. In response, father asserted compliance with the 1995 amended agreement and sought to have the amended agreement incorporated into the final decree. He also asserted that he was entitled to have credited to him as non-conforming payments which satisfied the terms of the 1992 decree payments he made to third parties under the 1995 amended agreement and the increased costs associated with his ten-percent increase in custody. Over mother's objection, the trial court received evidence of father's "separate expenditures on the children . . . beyond his child support obligations."

The court held "[t]he sole issue presented . . . is whether the parties could contractually modify [father's] child support obligation without an order of [the trial court]."  Citing Acree, it found "(1) the parties have entered into an unequivocal agreement; (2) the change of custody is permanent; (3) the agreement has been fully performed; (4) enforcing the original child support obligations contained in the Final Decree would unjustly enrich [mother]; [and] (5) enforcing the agreement would not adversely affect the child support award."  Based on these findings, it held that father's compliance with the 1995 amended agreement satisfied his child support obligation.  It directed that the 1995 amended agreement be incorporated into the divorce decree and ordered that the parties pay their own attorney's fees.  Although the trial court noted that father's "separate expenditures on the children . . . beyond his child support obligations . . . substantially [exceeded] the difference between the [$1,100] and the $1,723 obligations," it stated expressly that these excess expenditures "did not constitute a reason for [its] decision."

II.

ANALYSIS

Under settled principles,

> [c]hild support payments required under
> a valid court order become vested as they
> accrue, and the court is without authority
> to make any change as to past due
> installments.  Generally, the terms of a

support decree must be strictly complied with and payments made when due to the designated payee in accordance with the terms of the decree. When changed circumstances dictate a modification of a support decree, the appropriate remedy is for the party to petition the court to modify the decree. The party or parties may not unilaterally or bilaterally vary its terms.

However, although a court may not retroactively modify a child support obligation, allowing a payor spouse credit for non-conforming support payments, in the limited situations where permitted, is not a modification of a support order. See Acree v. Acree, 2 Va. App. 151, 152, 345 S.E.2d 68, 69 (1986). A court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the non-conforming support payment substantially satisfies the purpose and function of the support award, see [id.], and to do so does not vary the support award.

Commonwealth v. Skeens, 18 Va. App. 154, 158, 442 S.E.2d 432, 434-35 (1994) (citations omitted) (emphasis added). "Typically, two conditions must exist before credits will be given for non-conforming payments: (1) an agreement by the parties which modifies the terms or method of payment; and (2) no adverse [e]ffect on the support award." Wilderman v. Wilderman, 25 Va. App. 500, 506, 489 S.E.2d 701, 705 (1997). "An agreement which itself establishes or modifies the support obligation, rather than only the terms or method of payment, does not meet this test. Such agreements are not enforceable absent court approval, because they impinge on the child's right to support

and the court's continuing jurisdiction to decree it." Id. at 506 n.1, 489 S.E.2d at 705 n.1.

We approved one exception to this rule in Acree, a case we described as having "unique facts." 2 Va. App. at 152, 342 S.E.2d at 68. Acree involved a bilateral modification agreement which provided for one of the parties' children, originally in the custody of her mother, to reside permanently with her father instead. See id. at 152-53, 342 S.E.2d at 69. In conjunction with this total change in custody, the parties agreed to a cessation of father's support payments to mother on behalf of that child. See id. at 153, 342 S.E.2d at 69. We held that where a

> custodial parent has by his or her own
> volition entered into an agreement to
> relinquish custody on a permanent basis and
> has further agreed to the elimination of
> support payments and such agreement has been
> fully performed, . . . the purpose to be
> served by application of an inflexible rule
> denying credit for non-conforming payments
> is outweighed by the equities
> involved. . . . By assuming [complete]
> physical custody and total responsibility
> for the support of the child, the husband
> fulfilled his obligation under the decree.

Id. at 157-58, 342 S.E.2d at 71-72 (emphasis omitted).

Husband contends that Acree is not and need not be limited to instances in which the parties have agreed to a total transfer of custody. We disagree. Acree in fact involved a total transfer of custody and concomitant cessation of child support payments. In quoting in Acree from the Indiana case of

Isler v. Isler, we recognized only "'a narrow exception'" to the rule prohibiting credit for non-conforming support payments--to be applied in cases involving the total "relinquish[ment of] custody on a permanent basis." Acree, 2 Va. App. at 157, 342 S.E.2d at 71 (quoting Isler v. Isler, 425 N.E.2d 667, 670 (Ind. Ct. App. 1981)) (emphasis omitted from second quotation). To permit modification of a decree by the parties in a case in which the change in custody is less than complete will invite "continuous trouble and turmoil," the exact difficulties the rule prohibiting credit for non-conforming payments is designed to avoid. Henderlite v. Henderlite, 3 Va. App. 539, 542, 351 S.E.2d 913, 914 (1987). Our holding in Acree was premised in part on the fact that when a complete change in custody occurs, the parent originally obligated to pay support for that child "'has . . . furnished support in a different manner under different circumstances easily susceptible of proof.'" Acree, 2 Va. App. at 157, 342 S.E.2d at 71 (quoting Isler, 425 N.E.2d at 670) (emphasis added).

Where the change in custody is less than complete, as occurred in this case, determining whether the agreed-upon reduction in support payments properly corresponds to the greater burden assumed as a result of the increased custodial time is not so "easily susceptible of proof." The 1995 amended agreement did more than alter the terms or method of payment; it impermissibly modified the underlying obligation. Here, the

parties' reduction of husband's monthly support payment from $1,723 to $1,100 without contemporaneous judicial approval constituted an impermissible modification of the underlying obligation.  Thus, the court did not need to reach the second prong of the non-conforming payments test--whether the parties' actions had an adverse effect on the support award.

In short, we hold that, absent a complete change in custody, "the appropriate remedy" in a case in which the parties have agreed to a modification of support "is for the part[ies] [timely] to petition the court to modify the decree."  Skeens, 18 Va. App. at 158, 442 S.E.2d at 435.  Mother's unjust enrichment is an unfortunate by-product of our decision but, standing alone, does not compel a different result.

We do not disturb the decision in Skeens, which permits a court, in its discretion, to allow a dollar-for-dollar credit against accumulated child support arrearages for indirect payments made to the payee spouse by a third party on behalf of the payor spouse.  18 Va. App. at 158-60, 442 S.E.2d at 435-36.

> When a trial court grants credit to a payor parent for Social Security benefits received by his children on account of his disability, the court does not alter the amount of child support that the parent has been ordered or is required to pay.  The court simply allows a source of funds, indirectly attributable to a parent, to be used to satisfy the parent's court-ordered support obligation.  Thus, a circuit court does not retroactively modify a child support award or forgive an accumulated arrearage by crediting a dependent child's

> Social Security benefits to satisfy a
> support obligation.

Id. at 159, 442 S.E.2d at 435. However, to the extent our case

law may be interpreted to hold that payments to "third party

vendors" may constitute non-conforming child support payments

for which the payor spouse is entitled to receive credit, see

Wilderman, 25 Va. App. at 503, 509-10, 489 S.E.2d at 703, 705,

we expressly reject such an interpretation.[1]

Thus, we limit Acree to its facts and hold that the trial

court abused its discretion in concluding father owed no

arrearages. The 1995 amended agreement constituted an

impermissible modification of the 1992 decree. Absent prior

judicial approval or a complete assumption of physical custody,

father remained obligated to comply with the original decree,

and he was not entitled to a credit for payments to third

parties on the children's behalf. Accordingly, father's exhibit

of comparative household expenditures was not relevant to the

case and was improperly admitted. However, we affirm the trial

court's denial of wife's request for attorney's fees pursuant to

---

[1] We do not disturb the portion of Wilderman awarding the
father a dollar-for-dollar credit for cash sums he paid directly
to the mother rather than to the Department of Child Support
Enforcement as previously ordered by the court. 25 Va. App. at
510, 489 S.E.2d at 706. We overrule Wilderman only insofar as
it may be interpreted to hold that a parent may be entitled, in
the absence of an express agreement approved by the court, to
credit for payments made to "third party vendors" for things
such as "day care, doctor visits [and] food." Id. at 503, 505,
489 S.E.2d at 703, 704.

the parties' 1991 agreement.  The agreement provides that a party who breaches the agreement and is "found to be at fault" shall be responsible for all related attorney's fees.  Here, neither party breached the 1991 agreement because, as found by the trial court, they jointly agreed to modify it, and both parties complied with the modifications until wife instituted these proceedings.  Thus, father's payment of support in accordance with the 1995 amended agreement without obtaining judicial approval violated the terms of the final decree, but it did not constitute a breach of the underlying agreement.  Accordingly, wife was not entitled to an award of fees pursuant to the 1991 agreement, and her request was properly denied.

For these reasons, we reverse the trial court's conclusion that father owed no child support arrearage and its admission into evidence of the challenged expenditure exhibit, but we affirm its refusal to award attorney's fees.  We remand for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part</u>
<u>and remanded.</u>

Annunziata, J., with whom Benton and Bray, JJ., join,
 dissenting.

I respectfully dissent from the majority opinion.  In Acree
v. Acree, 2 Va. App. 151, 342 S.E.2d 68 (1986), we found that
equitable considerations may support the award of credits
against child support payments otherwise due where the obligated
parent has fulfilled the purpose and function of the award,
albeit in a way that deviates from the express order of the
court.  Id. at 157, 342 S.E.2d at 71; see also Carper v. Carper,
228 Va. 185, 189, 319 S.E.2d 766, 769 (1984) (granting father
credit where he had fulfilled purpose of mortgage payment
requirement); Commonwealth v. Skeens, 18 Va. App. 154, 158, 442
S.E.2d 432, 435 (1994) (holding that use of social security
benefits satisfied child support obligation); accord Meyer v.
Meyer, 493 S.W.2d 42, 45 (Mo. Ct. App. 1973) (finding father had
"substantial[ly] compli[ed] with the spirit and intent of the
decree").  Under the Acree holding, where the record
affirmatively shows that a permanent change in the custody
arrangement has been established, that the best interests of the
child are served and that the agreed form of alternate payment
satisfies the purpose and function of the support award, an
impermissible retroactive modification of the award is not
effected.  Acree, 2 Va. App. at 157-58, 342 S.E.2d at 71-72; see
also Skeens, 18 Va. App. at 158, 442 S.E.2d at 435.

The principles set forth in <u>Acree</u> are applicable here.[2]

According to <u>Acree</u>, an impermissible retroactive modification

[2] Our decision in <u>Acree</u> relied, in part, on <u>Isler v. Isler</u>, 425 N.E.2d 667 (Ind. Ct. App. 1981), an Indiana decision in which the court stated:

> We are of the opinion that a narrow exception to the rule may exist in a case where the obligated party, by agreement with the custodial parent, has taken the child or children into his or her home, has assumed custody of them, has provided them with food, clothing, shelter, medical attention, and school supplies, and has exercised parental control over their activities and education for such an extended period of time that a permanent change of custody is demonstrated. In such a case, the court may, in its discretion, allow credit against the accrued support for the reason that the obligated parent has merely furnished support in a different manner under different circumstances easily susceptible of proof.

<u>Id.</u> at 670 (quoted in <u>Acree</u>, 2 Va. App. at 157, 342 S.E.2d at 71). Other courts have relied on similar principles in awarding credit for non-conforming payments when the parents agree to a full change in custody, as in <u>Acree</u>. <u>See, e.g.</u>, <u>In re Harvey</u>, 523 N.W.2d 755, 757 (Iowa 1994) (the court cited the following factors in deciding to award credit to father for period he had custody of child: "(1) the claimed arrearage is for a period during which [father] provided all [child's] support; (2) the support [father] provided exceeded the amount of his obligation under the court order; (3) [mother] agreed that the obligations would be satisfied in this manner; and (4) any amount now recovered would not inure for [child's] support, but solely for [mother's] benefit"); <u>Schafer v. Schafer</u>, 621 P.2d 721, 723-24 (Wash. 1980) (the court analyzed the following factors, <u>inter alia</u>, in deciding to award credit to father when he took custody of two of the parties' three children: (1) whether the obligated parent intended the expenditures for care to be in satisfaction of child support; (2) whether the non-obligated parent agreed to the change in custody; (3) whether the non-obligated parent was relieved of any or all of the reasonable expenses of child support while the child was in the custody of the obligated parent; (4) the length of time the child was in the custody of the obligated parent; and (5) whether a compelling reason exists requiring the obligated

does not occur when: (1) the parties have entered into an unequivocal agreement; (2) the change of custody is permanent; (3) the agreement has been fully performed; (4) enforcing the original child support obligations contained in the final decree would unjustly enrich one party; and (5) enforcing the agreement would not adversely affect the child support award.

In reaching its decision in this case, the trial court applied an Acree analysis and found as a matter of fact that the parties' 1995 amendment of the original agreement enlarged the father's custody from 40% of the time to 50% of the time and that the change in custody was permanent. The trial court also found as a matter of fact that enforcement of the 1995 amendment would not adversely affect the welfare of the children and did not reduce the amount of support they actually received from the father; in fact, the children received greater financial support from the father under the new arrangement. The trial court noted, in particular, that the mother offered no evidence to show the reduction in support payments to her was causally related to the sale of her house, the primary adverse result she claimed. The trial court further found that the parties' 1995 agreement was unequivocal, that the father fully performed according to the terms of the amended agreement, and that, because he assumed a permanent increase in custody and had

_____

parent not only to pay for the child's care while in that parent's custody, but also to comply with the support order to

incurred increased expenses on behalf of the children as a result, enforcement of the provisions of the final decree would unjustly enrich the mother, whose liabilities the court found had decreased. The findings of the court are fully supported by the record and support the conclusion that "[t]he agreement of the parties as carried out worked to the benefit of the child[ren] to the same degree that absolute conformity with the terms of the decree would have." Acree, 2 Va. App. at 158, 342 S.E.2d at 72.

Contrary to the mother's contention in this case, nothing in Acree limits the reach of its principles to instances when full custody has been transferred to the obligor; Acree's focus is not on the form of payment but rather on the purpose to be achieved by the original support award, viz. the provision of support that meets the proved needs of the child, who is the beneficiary of the award. Acree, 2 Va. App. at 158, 342 S.E.2d at 72; see also Carper, 228 Va. at 189, 319 S.E.2d at 769; Skeens, 18 Va. App. at 159, 442 S.E.2d at 435.

As the majority acknowledges, where a parent has fulfilled his or her child support obligation by assuming permanent custody of the parties' children, an injustice would result if credit were not given. Accord Beverly v. Beverly, 257 S.E.2d 682, 684 (N.C. Ct. App. 1979) (father allowed credit for one-quarter of award for each month one of parties' four

_____

make child support payments to the non-obligated parent).

children lived with him); In re Harvey, 523 N.W.2d 755, 757 (Iowa 1994) (father awarded credit for period when he had custody of child). Notwithstanding the equitable considerations that pertain, the majority justifies its decision on the ground that applying the Acree principles the circumstances of this case would confront the trial court with difficult problems of proof. As was made manifest here, however, an analysis based on Acree factors where a permanent but partial change of custody is at issue does not necessarily pose an undue evidentiary burden upon the litigants or the court. While full custodial transfer, permanent in nature, may facilitate an obligor's ability to prove that the purpose of the original award has been met, in cases of partial transfer of permanent custody where the obligated parent is clearly able to prove substantial compliance with the award and satisfy the other Acree factors, no principled basis exists to deny an award of credits for the payments. Such circumstances may be contrasted with and distinguished from those arising in cases where the change in custody is not permanent, the alternative payments are sporadic, inconsistent, and insufficient, the non-obligated parent does not agree to the permanent change in the form of payment, and the non-conforming payments adversely affect the children. Cf. Henderlite v. Henderlite, 3 Va. App. 539, 542, 351 S.E.2d 913, 914 (1987) (credit not allowed where mother did not agree to the

alternate payments and there was no finding that the change would not adversely affect the children).

Further, the well-established principle of law that requires court approval of any modification of support remains intact under Acree and is not eroded by extending the Acree exception to cases in which the change in custody results in a shared rather than a sole custodial arrangement.  The Acree holding implicitly acknowledges the principle that parties who enter into agreements for support and implement them without seeking and obtaining court approval, do so at their peril and will be held accountable for non-conforming payments when measured against the Acree factors and the court's ultimate determination of appropriate support levels during the relevant periods.  See Watkinson v. Henley, 13 Va. App. 151, 158-59, 409 S.E.2d 470, 474 (1991) (holding that after determining presumptive amount under guidelines, court must determine whether parties' agreement would better serve child's interest); Alexander v. Alexander, 12 Va. App. 691, 695, 406 S.E.2d 666, 668 (1991) (holding that trial court must determine presumptive amount under guidelines before considering other factors). Extending the Acree exception to cases where the parties have instituted a permanent but partial change in custody does not change the foregoing legal principle.  Any modification of support under such circumstances, implemented by agreement prior to court approval, will be subject to scrutiny by the court and,

in the absence of evidence proving compliance with the Acree
factors, including but not limited to the finding that
alteration in the mode of payment substantially complied with
the spirit and intent of the decree and served the best interest
of the child, such modification will be disallowed.  Kelley v.
Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994) (a court
cannot be precluded by agreement between the parties from
exercising its power to decree child support).

Based on the principles set forth in Acree and the evidence
in this case, I would find that "the support provision was not
breached when the parties, by agreement, made a different,
although equally effective, arrangement, to fulfill the purpose
of the decree."  Acree, 2 Va. App. at 156, 342 S.E.2d at 71.  I
would, therefore, affirm the trial court's award of credit to
the father for his non-conforming payments.[3]

---

[3] Accordingly, I would also find the father's exhibit of
comparative household expenditures was relevant and, therefore,
admissible because it proved he satisfied his obligation under
the support award.