ANNUNZIATA, Judge,
with whom BENTON and BRAY, JJ., join, dissenting.
I respectfully dissent from the majority opinion. In Acree v. Acree, 2 Va.App. 151, 342 S.E.2d 68 (1986), we found that equitable considerations may support the award of credits against child support payments otherwise due where the obligated parent has fulfilled the purpose and function of the award, albeit in a way that deviates from the express order of the court. Id. at 157, 342 S.E.2d at 71; see also Carper v. Carper, 228 Va. 185, 189, 319 S.E.2d 766, 769 (1984) (granting father credit where he had fulfilled purpose of mortgage payment requirement); Commonwealth v. Skeens, 18 Va.App. 154, 158, 442 S.E.2d 432, 435 (1994) (holding that use of social security benefits satisfied child support obligation); accord Meyer v. Meyer, 493 S.W.2d 42, 45 (Mo.Ct.App.1973) (finding father had “substantially] complied] with the spirit and intent of the decree”). Under the Aeree holding, where the record affirmatively shows that a permanent change in the custody arrangement has been established, that the best interests of the child are served and that the agreed form of alternate payment satisfies the purpose and function of the support award, an impermissible retroactive modification of the award is not effected. Acree, 2 Va.App. at 157-58, 342 S.E.2d at 71-72; see also Skeens, 18 Va.App. at 158, 442 S.E.2d at 435.
The principles set forth in Aeree are applicable here.[2] According to Aeree, an impermissible retroactive modification *481 does not occur when: (1) the parties have entered into an unequivocal agreement; (2) the change of custody is permanent; (3) the agreement has been fully performed; (4) enforcing the original child support obligations contained in the final decree would unjustly enrich one party; and (5) enforcing the agreement would not adversely affect the child support award.
In reaching its decision in this case, the trial court applied an Aeree analysis and found as a matter of fact that the parties’ 1995 amendment of the original agreement enlarged the father’s custody from 40% of the time to 50% of the time and that the change in custody was permanent. The trial *482 court also found as a matter of fact that enforcement of the 1995 amendment would not adversely affect the welfare of the children and did not reduce the amount of support they actually received from the father; in fact, the children received greater financial support from the father under the new arrangement. The trial court noted, in particular, that the mother offered no evidence to show the reduction in support payments to her was causally related to the sale of her house, the primary adverse result she claimed. The trial court further found that the parties’ 1995 agreement was unequivocal, that the father fully performed according to the terms of the amended agreement, and that, because he assumed a permanent increase in custody and had incurred increased expenses on behalf of the children as a result, enforcement of the provisions of the final decree would unjustly enrich the mother, whose liabilities the court found had decreased. The findings of the court are fully supported by the record and support the conclusion that “[t]he agreement of the parties as carried out worked to the benefit of the child[ren] to the same degree that absolute conformity with the terms of the decree would have.” Acree, 2 Va.App. at 158, 342 S.E.2d at 72.
Contrary to the mother’s contention in this case, nothing in Aeree limits the reach of its principles to instances when full custody has been transferred to the obligor; Aeree ‘s focus is not on the form of PAYMENT but rather on the purpose to be achieved by the original support award, viz. the provision of support that meets the proved needs of the child, who is the beneficiary of the award. Acree, 2 Va.App. at 158, 342 S.E.2d at 72; see also Carper, 228 Va. at 189, 319 S.E.2d at 769; Skeens, 18 Va.App. at 159, 442 S.E.2d at 435.
As the majority acknowledges, where a parent has fulfilled his or her child support obligation by assuming permanent custody of the parties’ children, an injustice would result if credit were not given. Accord Beverly v. Beverly, 43 N.C.App. 60, 257 S.E.2d 682, 684 (1979) (father allowed credit for one-quarter of award for each month one of parties’ four children lived with him); In re Harvey, 523 N.W.2d 755, 757 (Iowa 1994) (father awarded credit for period when he had *483 custody of child). Notwithstanding the equitable considerations that pertain, the majority justifies its decision on the ground that applying the Aeree principles the circumstances of this case would confront the trial court with difficult problems of proof. As was made manifest here, however, an analysis based on Aeree factors where a permanent but partial change of custody is at issue does not necessarily pose an undue evidentiary burden upon the litigants or the court. While full custodial transfer, permanent in nature, may facilitate an obligor’s ability to prove that the purpose of the original award has been met, in cases of partial transfer of permanent custody where the obligated parent is clearly able to prove substantial compliance with the award and satisfy the other Aeree factors, no principled basis exists to deny an award of credits for the payments. Such circumstances may be contrasted with and distinguished from those arising in cases where the change in custody is not permanent, the alternative payments are sporadic, inconsistent, and insufficient, the non-, obligated parent does not agree to the permanent change in the form of payment, and the non-conforming payments adversely affect the. children. Cf. Henderlite v. Henderlite, 3 Va.App. 539, 542, 351 S.E.2d 913, 914 (1987) (credit not allowed where mother did not agree to the alternate payments and there was no finding that the change would not adversely affect the children).
Further, the well-established principle of law that requires court approval of any modification of support remains intact under Aeree and is not eroded by extending the Aeree exception to cases in which the change in custody results in a shared rather than a sole custodial arrangement. The Aeree holding implicitly acknowledges the principle that parties who enter into agreements for support and implement them without seeking and obtaining court approval, do so at their peril and will be held accountable for non-conforming payments when measured against the Aeree factors and the court’s ultimate determination of appropriate support levels during the relevant periods. See Watkinson v. Henley, 13 Va.App. 151, 158-59, 409 S.E.2d 470, 474 (1991) (holding that after *484 determining presumptive amount under guidelines, court must determine whether parties’ agreement would better serve child’s interest); Alexander v. Alexander, 12 Va.App. 691, 695, 406 S.E.2d 666, 668 (1991) (holding that trial court must determine presumptive amount under guidelines before considering other factors). Extending the Aeree exception to cases where the parties have instituted a permanent but partial change in custody does not change the foregoing legal principle. Any modification of support under such circumstances, implemented by agreement prior to court approval, will be subject to scrutiny by the court and, in the absence of evidence proving compliance with the Aeree factors, including but not limited to the finding that alteration in the mode of payment substantially complied with the spirit and intent of the decree and served the best interest of the child, such modification will be disallowed. Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994) (a court cannot be precluded by agreement between the parties from exercising its power to decree child support).
Based on the principles set forth in Aeree and the evidence in this case, I would find that “the support provision was not breached when the parties, by agreement, made a different, although equally effective, arrangement, to fulfill the purpose of the decree.” Acree, 2 Va.App. at 156, 342 S.E.2d at 71. I would, therefore, affirm the trial court’s award of credit to the father for his non-conforming payments.[3]

. Our decision in Aeree relied, in part, on Isler v. Isler, 425 N.E.2d 667 (Ind.Ct.App.1981), an Indiana decision in which the court stated:
*481 We are of the opinion that a narrow exception to the rule may exist in a case where the obligated party, by agreement with the custodial parent, has taken the child or children into his or her home, has assumed custody of them, has provided them with food, clothing, shelter, medical attention, and school supplies, and has exercised parental control over their activities and education for such an extended period of time that a permanent change of custody is demonstrated. In such a case, the court may, in its discretion, allow credit against the accrued support for the reason that the obligated parent has merely furnished support in a different manner under different circumstances easily susceptible of proof.
Id. at 670 (quoted in Acree, 2 Va.App. at 157, 342 S.E.2d at 71). Other courts have relied on similar principles in awarding credit for nonconforming payments when the parents agree to a full change in custody, as in Acree. See, e.g., In re Harvey, 523 N.W.2d 755, 757 (Iowa 1994) (the court cited the following factors in deciding to award credit to father for period he had custody of child: "(1) the claimed arrearage is for a period during which [father] provided all [child’s] support; (2) the support [father] provided exceeded the amount of his obligation under the court order; (3) [mother] agreed that the obligations would be satisfied in this manner; and (4) any amount now recovered would not inure for [child’s] support, but solely for [mother's] benefit”); Schafer v. Schafer, 95 Wash.2d 78, 621 P.2d 721, 723-24 (1980) (the court analyzed the following factors, inter alia, in deciding to award credit to father when he took custody of two of the parties' three children: (1) whether the obligated parent intended the expenditures for care to be in satisfaction of child support; (2) whether the non-obligated parent agreed to the change in custody; (3) whether the non-obligated parent was relieved of any or all of the reasonable expenses of child support while the child was in the custody of the obligated parent; (4) the length of time the child was in the custody of the obligated parent; and (5) whether a compelling reason exists requiring the obligated parent not only to pay for the child’s care while in that parent's custody, but also to comply with the support order to make child support payments to the non-obligated parent).

. Accordingly, I would also find the father’s exhibit of comparative household expenditures was relevant and, therefore, admissible because it proved he satisfied his obligation under the support award.