**Salem**

GARNET G. BARRETT

v.

JAMES R. BARRETT

No. 0888-85

Argued December 3, 1985

Decided January 21, 1986

Counsel

Frank A. Porter, for appellant.

William Rosenberger, Jr., for appellee.

Opinion

**COLEMAN, J.**—We are asked to decide whether time may be extended by a judge of this court under Rule 5A:3(b), for filing of a transcript or written statement for a case on appeal. If we cannot, we must then decide whether the case must be dismissed because no transcript or written statement was filed. We conclude that the appeal must be dismissed because the requirement of Rule 5A:8 with reference to filing the transcript or written statement is jurisdictional and Rule 5A:3 does not empower this court to extend the time.

The final judgment in this case was entered on June 5, 1985. Appellant had 60 days in which to file a transcript or 55 days in which to file a written statement of fact with the circuit court clerk. Rule 5A:8. However, none was filed. Appellant could have obtained an extension of time from the circuit court judge (not a judge of the Court of Appeals) upon the showing of good cause, but he failed to do so. Rule 5A:3(b) states:

Except as provided in subsection (a) of this Rule, the times prescribed in these Rules for filing papers may be extended by a *judge of the court in which the papers are to be filed* on a motion for good cause shown and to attain the ends of justice. (emphasis added).

As required by Rule 5A:10(d), the clerk of the circuit court transmitted the record without a transcript or written statement to the clerk of the Court of Appeals which was filed on September 11, 1985. The record contained no motion for an extension to file

a transcript or written statement of fact and, thus, there is no order granting or denying an extension of time which we might be called upon to review. Pursuant to Rule 5A:16(a) when the record was filed in the office of the clerk the case matured for further proceedings in the Court of Appeals. On October 16, 1985, appellee filed his motion to dismiss. Thereupon, on October 22, 1985, appellee moved this court to extend the time for filing the transcript or written statement.

Unlike Rule 5:5(a) of the Supreme Court, Rule 5A:3(a) of the Court of Appeals does not specifically provide that the time for filing the transcript or written statement is mandatory. However, there is no authority in the Rules for this court to extend the time for filing the transcript or written statement. Rule 5A:3(b) gives that power exclusively to the trial judge. Thus, in the absence of an extension having been granted by the trial court, the time for filing the transcript or written statement is a requirement under Rule 5A:8(a) which we cannot extend. We, therefore, deny the motion to extend the time of filing.

■ We then decide whether this case must be dismissed because no transcript was filed. The Supreme Court has held that the failure to comply with Rule 5:11 (then 5:9), which corresponds to Rule 5A:8 of the Court of Appeals, is jurisdictional and the failure to comply therewith will result in dismissal. *Towler* v. *Commonwealth*, 216 Va. 533, 221 S.E.2d 119 (1976). The present case has matured for further proceedings [Rule 5A:16(a)] with no transcript or written statement being filed as part of the record. The transcript or written statement is indispensable to a disposition of this appeal and is jurisdictional. There is no rule, statute or rationale that allows us to decide otherwise. This case is, therefore, dismissed.

Dismissed.

Koontz, C.J., and Moon, J., concurred.