## CIRCUIT COURT OF CHESTERFIELD COUNTY

Susan Lipscomb

 v.

David Lipscomb

November 3, 1989

Case No. (Chancery) 89-856

## By JUDGE WILLIAM R. SHELTON

Case law has established that as a general rule, there is no credit for nonconforming child support payments. *Fearon v. Fearon*, 207 Va. 927, 154 S.E.2d 165 (1967); *Cofer v. Cofer*, 205 Va. 515, 140 S.E.2d 689 (1965); *Newton v. Newton*, 202 Va. 515, 118 S.E.2d 656 (1961). These cases involved expenditures made during short visits or vacations, gifts, clothing, or direct payments in cash to the child, payments to an educational institution for the child's benefit, and overpayments made to the mother. The basis for denying credit under these circumstances has been the avoidance of continuous trouble and turmoil and, more importantly, the avoidance of detriment to the child for whom the support was to be paid. *Fearon*, 207 Va. at 931, 154 S.E.2d at 168.

An exception to this rule has been carved out in the Virginia case of *Acree v. Acree*, 2 Va. App. 151, 342 S.E.2d 68 (1986). In *Acree*, the Court held that where the custodial parent has of her own volition agreed to relinquish custody on a permanent basis and has further agreed to the elimination of support payments and such agreement has been fully performed, a credit for nonconforming support payments should be granted. *Id.* Under these circumstances, the best interest of the child would not

be harmed and the equities involved outweigh the purpose to be served by applying the general rule denying credit for nonconforming support payments. *Id.*

The Court of Appeals, in two recent decisions, has established that the *Acree* exception should be narrowly construed. In *Henderlite*, the separation agreement which was incorporated with the final decree established that the parents would share joint custody, with the parties to work out physical custody and father to pay sixty-seven dollars support per month per child. *Henderlite v. Henderlite*, 3 Va. App. 539 (1987). Father and mother agreed that taking turns with physical custody would alternate between them for short periods of time. Based on this arrangement, father contended that he only had to pay child support for the time the children were in his wife's physical custody. *Id.* The Court held that a parent's assumption of physical custody during short periods of time does not relieve a parent of his support obligation and does not fall within the exception set out by *Acree*. *Id.* The father's obligation under the decree was not fulfilled, and his actions created the type of turmoil and detriment to the children that the general rule seeks to prevent. *Id.*

In *Goodpasture*, the mother was awarded custody and the father was to pay child support. *Goodpasture v. Goodpasture*, 7 Va. App. 55 (1988). Ms. Goodpasture, upon deciding to take a job in Louisiana, wrote to father's attorney relieving him of his support obligation while she and the child were in Louisiana. *Id.* Mr. Goodpasture ceased paying support. Upon mother and child's return to Virginia, father did not resume child support payments, believing mother needed to petition the Court to reinstate them. *Id.* However, he did spend about $2,998 on the child. *Id.* Mother moved the Court for all the back arrearages, and the Court of Appeals found in her favor. *Id.* The Court stated that this case did not fall within the *Acree* exception allowing father a credit because physical custody of the child remained with the mother while they were in Louisiana. Thus, unlike the facts in *Acree*, the father had not satisfied his support obligation by assuming custody, and the child had been deprived of the support ordered.

In the case at hand, the parties were divorced on November 10, 1986. The final decree incorporated a written

separation agreement which provided that Susan Lipscomb would have custody of their three children and that David Lipscomb would pay $450.00 per month child support commencing December 1, 1986.

In November of 1986, when their divorce was entered, David and Susan agreed that due to difficulties Susan was experiencing, the children would go live for an indefinite period of time with their father. The children lived with their father on a full-time basis for two years and three months, that is, from the time the divorce was entered until February of 1989, when their mother reclaimed them.

David Lipscomb testified that at the time he took the children, the parties orally agreed on several things. First, he would loan Susan the sum of $1,600.00 which was to be considered an advance that would be deducted against the spousal support he was to pay her. Second, it was agreed between them that he would take physical custody of the children and support them. Third, he would not request any child support. During the two years and three months David had physical custody, he provided for all of the children's needs. He continued to pay spousal support as ordered and resumed paying child support when Susan reasserted her right of custody over the children. These facts raise the question of whether David Lipscomb is entitled to a credit for nonconforming support payments during the period he had custody of the children.

The Court finds that this case does fall within the *Acree* exception. The Court in *Acree* looked at several important factors in creating the exception; whether the custodial parent has, of her own volition, agreed to give up custody on a permanent basis and has further agreed to give up support and such agreement has been fully performed; whether the granting of a credit would create turmoil and harm the best interest of the child; and whether it would be equitable to allow the moving party to collect the arrearage. *Acree*, 2 Va. App. 151, 342 S.E.2d 68. The cases of *Goodpasture* and *Henderlite* have also clarified the exception by requiring the party seeking the credit to have had actual physical custody of the child and that such custody was for more than just short periods of time. *Henderlite*, 3 Va. App. 539; *Goodpasture*, 7 Va. App. 55.

In the case at hand, Susan voluntarily agreed to relinquish custody of the children for an indefinite

duration. The facts in *Acree* were a permanent relinquishment of custody, and the Court in *Henderlite* indicated that the *Acree* exception could not be applied where the custody was only for short periods of time. Thus, the Court in applying the *Acree* exception has indicated the transfer of physical custody must go beyond mere visits and short stays. The relinquishment in this case lasted for two years and three months which while not identical to the *Acree* facts is certainly long enough to qualify as an extended duration to which the *Acree* exception should apply.

The next concern is whether the parties agreed David would not have to pay child support during the transfer of physical custody. While the parties dispute whether Susan so agreed, the Court has considered all the circumstances and finds that it is reasonable to believe they did agree that no child support would be paid during that time. Both parties admit that they had agreed that David would have custody, that he would make her an advance on her spousal support, and that he would not require her to pay child support. From these agreements and David's testimony, it is reasonable to conclude that the parties also agreed he did not have to pay child support. Finally, there was full performance of the parties' agreement: David took custody, provided all the children's support, did not request any support from Susan, and made her an advance on spousal support.

Turning to the best interest of the children, the Court finds that because David provided all of the support and care for the children during the period he had custody, their best interest is not harmed by granting the father a credit. This case is unlike *Goodpasture*, where the child remained in the custody of his mother and was deprived of the support the father was ordered to pay by the Court. Here, the children have received the support the Court ordered David to pay directly from David who, for two years and three months, was responsible for all of their needs. Finally, the Court feels that to award Susan the arrearage would be inequitable because it was her desire that he take and support the children, and David has performed his portion of the agreement.