## CIRCUIT COURT OF CHESTERFIELD COUNTY

Haskins

v.

Haskins

April 16, 1990

Case No. CH 84-283

By JUDGE HERBERT C. GILL, JR.

On February 23, 1990, Plaintiff, in part, requested judgment for an arrearage of $7,200.00 in child support. Other issues were resolved by the Court.

The facts are not in dispute. Defendant by Order entered December 15, 1987, was required to provide Plaintiff $300.00 per month as child support for each child. In June, 1988, Scott Haskins departed from Plaintiff's household to reside with Defendant, whereupon, Defendant ceased payments for the support of Scott. In September, 1989, Keith Haskins departed from Plaintiff's household to reside with Defendant, whereupon, Defendant ceased payments for the support of Keith.

Plaintiff, at the outset, believed that her sons' departures were temporary. Plaintiff did not expressly agree to cessation of child support. No evidence was presented that Plaintiff attempted to regain physical custody of either son. Defendant assumed full financial responsibility of the children. Plaintiff agrees to relinquish custody and any further claim to support. Defendant's petitions for change of custody and support for Scott and Keith were filed on July 14, 1989, and September 18, 1989, respectively.

The issue of whether Plaintiff is entitled to child support arrearage for the period during which the children

were in the physical custody is more precisely stated as whether Defendant is entitled to a credit for assuming sole financial responsibility while the children were residing with Defendant. Plaintiff, by counsel, asserts that an allowance of a credit for nonconforming payments under *Acree v. Acree*, 2 Va. App. 151 (1986), is not appropriate. Defendant argues to the contrary and relies on the ruling in *Acree* and subsequent interpretation by the Honorable William R. Shelton in *Lipscomb v. Lipscomb*, 18 Va. Cir. 244 (1989).

Upon consideration of evidence presented and argument heard, Plaintiff is awarded $3,600.00 as an arrearage for child support due from July, 1988. Counsel for Plaintiff is directed to draft an Order in accordance with this letter opinion. Defendant erroneously relies on the Appellate Court's holding in *Acree* and the Honorable William R. Shelton's opinion in *Lipscomb*. Allowance of a credit for nonconforming payments was predicated upon a determination of a voluntary agreement to relinquish custody and support payments. *Id.* Evidence presented does not sufficiently establish that Plaintiff voluntarily agreed to waive the terms of support. Plaintiff's apparent "passive acquiescence" in nonpayment of support does not bar an award of support arrearage. *Richardson v. Moore*, 217 Va. 422 (1976); See also *Goodpasture v. Goodpasture*, 7 Va. App. 55 (1988).

Section 20-108 of the Virginia Code permits modification, "[W]ith respect to any period during which there is a pending petition for modification . . . ." Hence, the amount owed for the support of Scott is $3,600.00. (The amount calculated from July, 1988 through June, 1989.) The amount owed for the support of Keith is $0.00. (Petition was filed in September, 1989 accompanying departure.)