COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


EDDIE FRANKLIN BROCK

                              MEMORANDUM OPINION[*]
v.        Record No. 1613-96-1   BY JUDGE JOSEPH E. BAKER
                                     APRIL 15, 1997
LORNA R. COGGIN


               FROM THE CIRCUIT COURT OF SURRY COUNTY
                    Robert G. O'Hara, Jr., Judge

          John B. Gaidies (Joynes & Bieber, P.C., on
          brief), for appellant.

          Sterling H. Weaver, Sr., for appellee.


     Eddie Franklin Brock (appellant) appeals from a decree

entered on May 28, 1996 by the Circuit Court of Surry County

(trial court) that denied his motion to require Lorna R. Coggin

(appellee), his former wife, to repay monies he asserts were

overpayment of child support he previously had been ordered by

the trial court to pay appellee.

     On July 19, 1994, appellant moved the Juvenile and Domestic

Relations District Court of Surry County (lower court) to modify

a previous order of that court that required appellant to pay

$615 per month to appellee for the support of two children.  In

addition, appellant moved that court to order appellee to pay

Metropolitan Insurance Company the sum of $5,000 that she had

received from the Social Security Administration for the benefit

---

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

of the parties' two children.  Appellant was dissatisfied with the judgment of the lower court and appealed the judgment to the trial court.

By decree entered on May 28, 1996, the trial court ordered that the "child support obligation of [appellant] shall cease retroactively to July 1, 1994 . . . ."  However, by that same decree, the trial court found that it had no authority to order appellee to refund any sums paid appellee by Social Security on behalf of the children of the parties which were in excess of appellant's child support obligation.  Therefore, it denied appellant's request for the refund.

Appellee contends that because appellant failed to timely file a transcript or written statement of facts, this matter should be dismissed without further consideration pursuant to Rule 5A:8.  See Rule 5A:8; Barrett v. Barrett, 1 Va. App. 378, 339 S.E.2d 208 (1986).

On October 2, 1996, the Court of Appeals of Virginia issued an order to appellant to show cause why this appeal should not be dismissed.  Appellant did not challenge the fact that a transcript or written statement of facts was not timely filed. Instead, he asserts that the record sufficiently states the factual merits and legal issues for a determination of this case.[1]

---

[1]We note that appellant's formal motion alleges that the "lump sum award" ($5,000) belongs to Metropolitan Insurance Company, and the prayer of the motion is for "the entry of an order requiring the [appellee] to reimburse Metropolitan

Judgments of the trial court are presumed correct, <u>Dodge v. Dodge</u>, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986), and may not be set aside unless plainly wrong. Code § 8.01-680; <u>Carter v. Carter</u>, 223 Va. 505, 508-09, 291 S.E.2d 218, 220 (1982). We have reviewed the record and, without a transcript or written statement of facts, we find that we cannot determine whether the trial court's findings require that we reverse its decree.

We hold that a transcript or written statement of facts is indispensable to a determination of the issues raised, including whether the decree appealed from must be reversed. Rule 5A:8 instructs as to the time within which a statement of facts must be filed. On this record, failure to timely file a statement of facts is jurisdictional and therefore requires that appellant's appeal be dismissed, <u>see</u> <u>Jordan v. Price</u>, 3 Va. App. 672, 353 S.E.2d 168 (1987); <u>Barrett v. Barrett</u>, 1 Va. App. 378, 339 S.E.2d 208 (1986), and that the judgment of the trial court be affirmed.

<u>Affirmed.</u>

---

Insurance Co. for the sums rightfully due it."