COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF MOTOR VEHICLES
                                    MEMORANDUM OPINION*
v.         Record No. 2012-96-1    BY JUDGE JOSEPH E. BAKER
                                       JULY 15, 1997
GARY WAYNE STAFFORD


        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
               V. Thomas Forehand, Jr., Judge

        Eric K. G. Fiske, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        briefs), for appellant.

        Allen J. Gordon for appellee.


     On May 24, 1995, Gary Wayne Stafford (Stafford) was declared

an habitual offender by the Circuit Court of the City of

Chesapeake (trial court) and ordered not to operate a motor

vehicle for a period of ten years from the date of the order or

until his privilege to drive "has been restored by Order of a

Court of record entered in a proceeding in accordance with law

pursuant to the statutes made and provided."  On July 31, 1996,

the trial court issued Stafford a restricted license to drive to

his place of employment and substance abuse program.  In this

appeal from the July 31, 1996 order, the Commonwealth of

Virginia, Department of Motor Vehicles (DMV) contends that the

trial court was without legal authority to grant a restricted

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

license to Stafford because neither the ten-year prohibition period nor the requirements of Code § 46.2-360[1] had been met.

Stafford asserts that we should not consider the issue presented by this appeal because the DMV (1) did not preserve the issue for appeal and (2) failed to provide this Court with a transcript of the proceedings below, or a written statement of facts in lieu thereof. We have reviewed the record and find that the issue presented here was contained in the DMV's motion to dismiss made in the trial court and there denied.

Stafford further contends that because of the DMV's failure to timely file a transcript or written statement of facts, this matter should be dismissed without further consideration. See Rule 5A:8; Barrett v. Barrett, 1 Va. App. 378, 339 S.E.2d 208 (1986). The filing of a transcript is not mandatory, and the failure to file a transcript does not per se foreclose our consideration of an appeal. Wolfe v. Commonwealth, 6 Va. App. 640, 643, 371 S.E.2d 314, 315 (1988). "If the record on appeal is sufficient in the absence of the transcript to determine the

[1]Code § 46.2-360 sets forth the requirements for restoration of the privilege of operating a motor vehicle to a person who has been adjudicated an habitual offender where the adjudication was based in part and dependent on a conviction for driving or operating a motor vehicle while under the influence of intoxicants.

merits of the appellant's allegation, we are free to proceed to hear the case." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

In the case before us, the record contains Stafford's DMV driver history record, correspondence from the DMV regarding his status as a possible habitual offender, correspondence from the DMV regarding the suspension of his license, the order declaring Stafford to be an habitual offender, and the trial court order restoring to Stafford the privilege to drive under a restricted license. We hold that the record is sufficient in the absence of a transcript or written statement to determine the merits of the DMV's case.

A DMV Transcript of Stafford's Driver History Record, duly certified in accordance with Code § 46.2-215, is contained in the record. The transcript, among other things, discloses the following relevant entries:

      CONVICTED ON 10/02/84 DRIVING WHILE INTOX, 1ST

      CONVICTED ON 05/01/88 DRIVING UNDER
      REVOCATION/SUSPENSION

      CONVICTED ON 12/30/92 DRIVING WHILE INTOX, 1ST

      CERTIFIED ON:  01/27/93 AS A POSSIBLE
      HABITUAL OFFENDER
      CHESAPEAKE CITY
      DISPOSITION:  UNABLE TO SERVE

      CERTIFIED ON:  04/13/94 AS A POSSIBLE
      HABITUAL OFFENDER
      VIRGINIA BEACH CITY
      DISPOSITION:  DISREGARD/NEW ADDRESS

      CERTIFIED ON:  01/30/95 AS A POSSIBLE
      HABITUAL OFFENDER

CHESAPEAKE CITY
DISPOSITION:  LIC DENIAL PENDING

Following the receipt by the DMV of notice from the Chesapeake General District Court that Stafford had been convicted of driving while intoxicated, the DMV issued certifications that Stafford's driving record indicated he was possibly an habitual offender pursuant to Code § 46.2-352.  The January 27, 1993 certification could not be served.  The April 13, 1994 certification was abandoned due to address problems.  The January 30, 1995 certification was served, a hearing was held pursuant thereto, and Stafford was declared an habitual offender on May 24, 1995.

When validly issued, such certification requires that the DMV deny Stafford issuance of a driver's license until the DMV receives one of the following:  (1) documentation from the prosecutor's office stating that there is a valid reason not to make a determination that the person is an habitual offender; (2) a court order reversing the DMV certification; or (3) an order of license restoration.

On April 25, 1996, Stafford petitioned the trial court to "restore to him the privilege to operate a motor vehicle upon such terms and conditions as the Court may prescribe."  The trial court granted him a restricted license to drive to and from his place of employment and a substance abuse program in an order dated July 31, 1996.  The DMV contends that the trial court's order was entered contrary to and not in accord with statutes

permitting such relief.  We agree.

Stafford contends that subparagraph 2 of Code § 46.2-360 authorized the trial court to grant the relief contained in its July 31, 1996 order.  Code § 46.2-360(2) provides, in relevant part, that after three years from the date a person has been declared an habitual offender such person may be granted a restricted license upon a showing that at the time of the declaration he was addicted to alcohol, that "he is no longer addicted to or psychologically dependent on the use of alcohol . . .," and that "the defendant does not constitute a threat to the safety and welfare of himself and others with regard to the driving of a motor vehicle."  Simply put, the DMV contends that three years have not passed since the entry of the habitual offender order[2] and, therefore, the trial court did not have legal authority to issue a restricted license.

Stafford responds that he was eligible for restoration of his license by the trial court because the last paragraph of Code § 46.2-360 contains the following provision:

> In the computation of the . . . three-year period[ ] under subdivision[ ] . . . 2 of this section, such person shall be given credit for any period his driver's license was administratively revoked under § 46.2-391 prior to the final order or notification by the Commissioner of the habitual offender

---

[2]The habitual offender declaration was made on May 24, 1995. The trial court's order from which this appeal emanates was entered on July 31, 1996.

determination.

Stafford asserts that when the DMV, on January 27, 1993, certified him as "a possible habitual offender," it thereby "administratively suspended [Stafford's] driver's license." Therefore, pursuant to Code § 46.2-360, Stafford contends he

should be given credit for the time elapsed between January 27, 1993 and the May 24, 1995 habitual offender order. We disagree.

Code § 46.2-391, referenced in the last paragraph of Code § 46.2-360, applies to an administrative revocation where a person "is <u>adjudged</u> to be a <u>second offender</u> in violation of . . . § 18.2-266 pertaining to driving under the influence of . . . intoxicants." Code § 46.2-391 (emphasis added). Although the DMV transcript shows that Stafford was twice convicted for driving while intoxicated, it does not disclose that he has been charged or "adjudged to be a second offender" as provided in the Virginia Code. <u>See</u> Code §§ 46.2-391, 18.2-270, 18.2-271. Therefore, he is not entitled to the credit in the last paragraph of Code § 46.2-360.

The trial court's restoration of Stafford's license was not in accord with the specific language and requirements of the code provisions applicable to this case. Because Stafford has failed to show that three years have elapsed since the date the habitual offender order was entered, the trial court was without legal authority to issue a restricted driver's license to him.

Accordingly, for the reasons stated, we reverse the judgment of the trial court and dismiss Stafford's petition.

<u>Reversed and dismissed.</u>