COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Elder
Argued at Alexandria, Virginia


LAURA B. CARVER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2189-97-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         MAY 5, 1998
DONALD LEE CARVER, JR.


            FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                      James L. Berry, Judge

         E. Eugene Gunter for appellant.

         No brief or argument for appellee.



     Laura B. Carver (mother) appeals the trial court's order

requiring that she reimburse child support payments Donald Lee

Carver, Jr. (father) paid to her for a time period when he had

physical custody of the child.  She contends the effective result

of the order is a retroactive termination of father's support

obligation that is contrary to the requirements of Code § 20-108.

Finding no error, we affirm.

                                I.

     Father and mother were married June 28, 1980, and one child

was born of the marriage on May 10, 1981.  The parties were

divorced November 19, 1992.  The divorce decree granted sole

custody to mother and ordered father to pay $100 per week in

child support commencing October 9, 1992.  In June 1995, by

mutual agreement, the child began living with father, and he

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

stopped paying child support at that time. Father testified that when the parties met on June 18, 1995 to transfer physical custody, they discussed support but executed no written agreement. The essence of the conversation was that mother "would pay what she could - Thirty Dollars ($30.00) or so per week."

Father took no action to legally modify the terms of the divorce decree until October 11, 1996, when he filed a petition to change the existing court order in the Frederick County Juvenile and Domestic Relations District Court (JDR court). Notice of the petition for modification was provided to mother on October 16, 1996. In his petition, father asserted that the child had adjusted well to the current living situation with him in Winchester and that he wanted custody changed to avoid the anxiety associated with mother's threat to remove the child from father's home without warning. By order entered March 6, 1997, the JDR court ordered joint legal custody, awarded physical custody to father, and terminated father's support obligation as of July 1, 1995. Mother appealed the JDR court's termination of father's support obligation.

On appeal, the trial court found that the JDR court order was a modification order under Code § 20-108 which could not terminate father's support obligation retroactively. Consequently, the trial court found that father was required to have made the child support payments of $100 per week for the

2

period from July 1, 1995, when he ceased making payments, through October 16, 1996, when mother was notified of the pending modification petition. However, "as a matter of equity" the trial court ordered mother to "pay the child support payments for the period indicated back to [father] on the basis that he was the physical custodian of the child during the said period." Mother's motions to reconsider and suspend the final decree were denied.[1]

## II.

Mother contends the trial court's order that she reimburse the accrued child support payments was a "back door" attempt to relieve father of his delinquency status. She argues that, as a matter of law, the trial court was without the authority to terminate father's support obligations prior to October 16, 1996, the date mother was notified of the petition for modification.

> Code § 20-108 provides, in part:
> No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party.

"Past due support installments become vested as they accrue and are thereafter immune from change. Parties cannot contractually

---

[1]After Judge Berry heard the trial, he was succeeded by Judge John R. Prosser, who entered the order embodying Judge Berry's decision. Judge Prosser subsequently denied mother's motion to reconsider on the grounds that he "would not reconsider a decision made by his predecessor Judge."

modify the terms of a support order without the court's approval." Goodpasture v. Goodpasture, 7 Va. App. 55, 58, 371 S.E.2d 845, 847 (1988). "Should circumstances change requiring alteration in the amount of support, a party's remedy is to apply to the court for relief." Id. (citing Newton v. Newton, 202 Va. 515, 519, 118 S.E.2d 656, 659 (1961)). A court may not retroactively modify a child support obligation. See Code § 20-108; Wilderman v. Wilderman, 25 Va. App. 500, 489 S.E.2d 701 (1997).

However, in Acree v. Acree, 2 Va. App. 151, 342 S.E.2d 68 (1986), this Court created an "exception to the general rule of nonretroactive modification." Goodpasture, 7 Va. App. at 59, 371 S.E.2d at 847. This case is analogous to the situation in Acree and is controlled by this rationale.

> The cases that apply a seemingly inflexible rule denying credit for nonconforming support payments involve expenditures made during short visits or vacations, gifts, clothing, or direct payments in cash to the child, payments to an educational institution for the child's benefit, and overpayments made to the wife. The rationale for denying relief under those circumstances has been the avoidance of continuous trouble and turmoil. In each of the instances cited, to grant relief would result in some detriment to the custodial parent and child for whose benefit the support was to be paid.

Acree, 2 Va. App. at 157, 342 S.E.2d at 71. Upon finding that the father's "undisputed agreement with his wife, whereby he assumed permanent custody and total responsibility for the support of [the child], had the effect of fully satisfying his

4

support obligation under the divorce decree," id. at 156, 342

S.E.2d at 70, this Court held that

> [t]o enforce the letter of the decree after
> its purpose has been served and the parties'
> agreement fully performed would unjustly
> enrich the wife and shock the conscience of
> the average person.  Most important, failure
> to enforce the letter of this decree under
> these circumstances will not work to the
> detriment of the child, for whose benefit the
> support was to be paid.  The agreement of the
> parties as carried out worked to the benefit
> of the child to the same degree that absolute
> conformity with the terms of the decree would
> have.

Id. at 158, 342 S.E.2d at 72.

> As a result, and contrary to wife's contention,
> [a] court may, when equitable and under
> limited circumstances, allow a party credit
> for non-conforming support payments, provided
> that the non-conforming payment substantially
> satisfies the purpose and function of the
> support award and to do so does not vary the
> support award.

Commonwealth v. Skeens, 18 Va. App. 154, 158, 442 S.E.2d 432, 435

(1994).  The trial court has "discretion to grant credit, in

whole or in part, or to deny credit against an arrearage,

depending upon the circumstances" and in light of "the equities

of a given situation."  Id. at 160, 442 S.E.2d at 436.

In the instant case, while mother disputes the existence of

an agreement for a permanent change, the parties fully complied

with the change in physical custody for the time at issue – a

period at the time of the hearing in excess of fifteen months.

The resulting arrangement, that father "assum[ed] physical

5

custody and total responsibility for the support of the child," fulfilled his obligation under the decree.  <u>Acree</u>, 2 Va. App. at 158, 342 S.E.2d at 72.  Thus the trial court had discretion to exercise its equity power and to credit father for his nonconforming payments.  The court ordered father to pay support and ordered mother to pay it back, an implicit means of crediting father for his expenditures in support of the child in his custody.  These orders achieved a result that was within the court's discretionary use of its equity power.

Finding no error, we affirm.

<u>Affirmed.</u>