COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


JAMES D. STRICKLAND, JR.

                                        MEMORANDUM OPINION*
v.    Record No. 0865-99-1                  PER CURIAM
                                         OCTOBER 5, 1999
PAULA J. STRICKLAND


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  H. Thomas Padrick, Jr., Judge

            (Richard H. Doummar; Henry E. Howell, III;
            Doummar & Howell, L.L.P., on brief), for
            appellant.

            (Constantine A. Spanoulis, on brief), for
            appellee.


     James D. Strickland, Jr., (husband) appeals the decision of

the circuit court granting the motion to show cause filed by

Paula J. Strickland (wife).  Wife sought to recover spousal

support arrearages accrued since 1995.  Husband raises four

arguments on appeal:  (1) wife waived her right to spousal support

in the letter memorandum she signed in 1995; (2) wife was

equitably estopped from seeking accrued spousal support by

husband's reliance on the signed memorandum; (3) the letter

memorandum memorialized an oral agreement between husband and

wife; and (4) the oral contract was a binding contract enforceable

against wife.  Upon reviewing the record and briefs of the

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

The evidence was received during a hearing before the trial court. "The judgment of a trial court sitting in equity, when based upon an ore tenus hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Box v. Talley, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986). Certain facts were uncontested. The parties were divorced by final decree entered August 13, 1989. Under paragraph 5(h) of the divorce decree, wife was awarded "fifty per cent (50%) of the [husband's] disposable retirement income, which is now vested . . . . Said sum is subject to increase or decrease in the future, as the case may be, but percentage to be received by the [wife] is constant at fifty." Under paragraph 6, wife was awarded $375 in monthly spousal support. On June 29, 1995, husband filed a motion to terminate spousal support. The parties discussed husband's proposal that wife waive spousal support. As found by the trial court, the parties agreed that any agreement reached "was to be filed with the Court for entry of an Order modifying the decree." Husband sent a signed memorandum to wife, setting out his understanding of the agreed upon terms. Wife modified the written memorandum by adding an additional sentence clarifying her understanding of the agreement, then signed the memorandum and returned it to

-

husband.  Husband called the trial court and indicated that the matter was resolved.  The trial court dismissed husband's motion.  The memorandum was never filed with the court, and no order was ever issued modifying the final decree of divorce.  Husband never signed the memorandum after wife made her handwritten modifications.

The trial court found that

> the writing in controversy does not constitute a legally binding contract.  The prospective agreement lacked mutual assent and consideration.  Based upon the undisputed facts, the Court construes [husband's] proposed agreement as an offer which [wife] rejected, by interlineating a modification and amendment, creating a counter offer, which counter offer [husband] rejected by not signing subsequent thereto and by refusing to let the amended writing be entered as an Order of the Court as both parties understood as being required and intended to be done.

### Waiver

Husband contends that wife waived her right to spousal support.  We find no merit in this contention.

> No support order may be retroactively modified.  Past due support installments become vested as they accrue and are thereafter immune from change.  Parties cannot contractually modify the terms of a support order without the court's approval.  Nor does a party's passive acquiescence in nonpayment of support operate to bar that party from later seeking support arrearages.  Should circumstances change requiring alteration in the amount of support, a party's remedy is to apply to the court for relief.

-

*Goodpasture v. Goodpasture*, 7 Va. App. 55, 58, 371 S.E.2d 845, 847 (1988) (citations omitted). "[J]ust as a party cannot by contract or acquiescence modify the terms of a support order, a party cannot by waiver modify the terms of a support order." *Id.* at 58, 371 S.E.2d at 847. The parties never reached a binding contractual agreement to modify the existing decree. Wife's written modification of husband's memorandum did not affect her rights under the existing, unmodified, support order.

Husband cites *Bethell v. Bethell*, 597 S.W.2d 576 (Ark. 1980), in support of his contention that wife waived spousal support. We find *Bethell* neither applicable nor persuasive. *Bethell* concerned a father's payment of private school tuition in lieu of spousal support pursuant to the parties' agreement. That case arose under significantly different facts and was based upon the premise that spousal support may be waived by acquiescence or inference. That is not the law in Virginia. See *Goodpasture*, 7 Va. App. at 58, 371 S.E.2d at 847. We also reject husband's reliance upon *Acree v. Acree*, 2 Va. App. 151, 342 S.E.2d 68 (1986). In *Acree*, a mother sought a child support arrearage attributable to one child under an existing order despite the fact that the father had assumed full custody of the child until her majority. The father was allowed credit for a portion of the arrearage due to his full support of the child during the intervening years pursuant to the parties' agreement to permanently switch custody. The *Acree* Court expressly

-

limited its decision to the unique circumstances. See id. at 157-58, 342 S.E.2d at 71-72. Here, husband was obligated by the final decree to pay $375 in monthly spousal support and to ensure wife received an unreduced fifty percent of his monthly retirement pay. The facts do not support a finding that husband was entitled to a credit for other payments made to wife sufficient to cover both these obligations.

Husband contends that wife received consideration through the agreement to forego litigation. It is true that an agreement to forego a claim can be consideration for a contract. See Troyer v. Troyer, 231 Va. 90, 93-94, 341 S.E.2d 182, 185 (1986). Here, however, the trial court found that "the writing only sought to grant [wife] what she was already entitled . . . and contained no affirmative act of forbearance by [husband] which conferred a benefit on [wife]." In light of the fact that the parties failed to reach an agreement, we need not further consider whether there was adequate consideration to support an agreement.

### Equitable Estoppel

Husband also argues that wife is equitably estopped from seeking spousal support. "'The elements necessary to establish equitable estoppel are (1) a representation, (2) reliance, (3) change of position, and (4) detriment, and the party who relies upon estoppel must prove each element by clear, precise, and unequivocal evidence.'" Webb v. Webb, 16 Va. App. 486, 494-95,

-

431 S.E.2d 55, 61 (1993) (citation omitted). The trial court found that husband failed to prove the elements of equitable estoppel. We agree. Wife did not make any representations upon which husband relied. He did not change his position due to a representation by wife. He resigned from his employment prior to any discussion with wife regarding spousal support. Although the parties recognized that any modification of their decree had to be entered as an order to be effective, husband neither executed the modified memorandum nor forwarded it to the court. Instead, he merely contacted the court to dismiss his motion to terminate spousal support. Therefore, we find no merit in husband's assertion that wife was equitably estopped from seeking the spousal support arrearage.

## Binding Oral Agreement

Finally, husband contends that the written memorandum memorialized the parties' oral agreement and that the oral agreement was binding and enforceable. These contentions also lack merit. "Mutual assent by the parties to the terms of a contract is crucial to the contract's validity." Wells v. Weston, 229 Va. 72, 78, 326 S.E.2d 672, 676 (1985). "To be valid and enforceable, the terms of an oral agreement must be reasonably certain, definite, and complete to enable the parties and the courts to give the agreement exact meaning." Richardson v. Richardson, 10 Va. App. 391, 395, 392 S.E.2d 688, 690 (1990). "The proponent of [an] oral contract has the burden of proving

-

all elements" of the contract.  Id. at 396, 392 S.E.2d at 690 (citation omitted).  The trial court found no indication that the parties had reached an oral agreement.  Husband's written memorandum was modified by wife, and no evidence supported a finding that husband accepted the changes.  Husband never presented the modified agreement to the court, despite the fact that both parties acknowledged it was necessary to have a new order entered to modify the terms of their final decree of divorce.  The evidence supports the conclusion of the trial court that no enforceable oral agreement was reached.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-