COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Senior Judge Coleman[*]
Argued at Richmond, Virginia


RANDALL CHRISTOPHER VIA

                                        MEMORANDUM OPINION[**] BY
v.    Record No. 2223-99-2            JUDGE SAM W. COLEMAN III
                                           JANUARY 16, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                  Paul M. Peatross, Jr., Judge

        Norman Lamson for appellant.

        Amy L. Marshall, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Randall Christopher Via was convicted in a bench trial of

four counts of statutory burglary, three counts of grand

larceny, and one count of arson.  The sole issue on appeal is

whether the trial court erred by denying his motion to suppress

his confession, which Via contends is the product of an unlawful

search and seizure of his clothing.

---

        [*] Judge Coleman participated in the hearing and decision of
this case prior to the effective date of his retirement on
December 31, 2000 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401.

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Via failed to timely file transcripts of the June 8, 2000 suppression hearing or the June 22, 2000 bench trial.

> Rule 5A:8 provides that "[t]he transcript of any proceeding is part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment." We have established a firm policy concerning the filing of transcripts: "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to."

Smith v. Commonwealth, 32 Va. App. 766, 771, 531 S.E.2d 11, 14 (2000) (quoting Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986)). "[W]here the transcript is indispensable to the determination of an issue on appeal, the timely filing of a transcript is jurisdictional." Goodpasture v. Goodpasture, 7 Va. App. 55, 57, 371 S.E.2d 845, 846 (1988) (citation omitted).

We find that the transcripts of the suppression hearing and the bench trial are indispensable to appellate review. Although the trial judge set forth in his letter opinion the basis for his ruling, without a transcript of the suppression hearing or of the trial, we cannot ascertain whether the Commonwealth may have developed sufficient probable cause to support a belief that Via had committed the offenses that would have independently justified seizing and holding Via's clothing at the time he attempted to revoke his consent. Furthermore,

without a transcript of the proceedings, we cannot ascertain, among other things, the extent to which the Commonwealth's retention of Via's clothing may have affected his giving a confession in light of the considerable incriminating evidence with which he was confronted.  Accordingly, we grant the Commonwealth's motion to dismiss the appeal.  See Turner, 2 Va. App. at 99, 341 S.E.2d at 402 (stating that if the transcript is indispensable to appellate review and is not a part of the record, we must dismiss the appeal).

Further, we deny Via's motion for an extension of time to file the transcripts.  Although Rule 5A:8 authorizes this Court to extend the date for filing a transcript for good cause shown, leave extending the filing date "must be granted before the deadline occurs, and not after."  Jordan v. Price, 3 Va. App. 672, 673, 353 S.E.2d 168, 168 (1987).  "Orders extending the time for filing must be prospective and not retrospective."  Id. Moreover, "[t]his Court has no authority to make exceptions to the filing requirements set out in the Rules."  Turner, 2 Va. App. at 99, 341 S.E.2d at 402 (citation omitted).

We, therefore, dismiss the appeal.

Dismissed.