COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Clements and Agee
Argued at Richmond, Virginia


YVETTE PEREZ

MEMORANDUM OPINION[*] BY
v.    Record No. 1501-01-4          JUDGE G. STEVEN AGEE
                                       DECEMBER 27, 2001
FAIRFAX COUNTY DEPARTMENT OF
 FAMILY SERVICES


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Judge

Neal David Olesker for appellant.

Dennis R. Bates, Senior Assistant County
Attorney (David P. Bobzien, County Attorney;
Robert Lyndon Howell, Deputy County Attorney;
Zaida C. Thompson, Assistant County Attorney,
on brief), for appellee.

(Michael S. Arif; Martin, Arif, Petrovich &
Walsh, on brief), Guardian ad litem for the
minor child.


Yvette Perez appeals the Fairfax County Circuit Court's

decision to not rule upon her motion to allow the filing of a

late appeal.  She contends the circuit court erroneously found

it did not have jurisdiction to grant her the relief sought.

For the following reasons, we must dismiss the appeal.

[O]n appeal the judgment of the lower
court is presumed to be correct and the
burden is on the appellant to present to us
a sufficient record from which we can

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

> determine whether the lower court has erred in the respect complained of.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961) (citations omitted). Thus, the burden rests upon the appellant, the party alleging reversible error, to demonstrate to this Court "that reversal is the remedy to which he is entitled." Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citation omitted).

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (citation omitted). Accordingly, "[w]e may act only upon facts contained in the record" provided to us incident to an appeal. Id. (emphasis added). We are unable to undertake this task in the case at bar as the appellant has failed to provide us with a sufficient record in this case encompassing the issue raised on appeal.

Rule 5A:7 enumerates the requisite contents of a record on appeal. The record is to include "the transcript of any proceeding or a written statement of facts, testimony, and other incidents of this case." Rule 5A:7(a)(7). The appellant has failed to submit either of these materials.

> The importance of the record is obvious, for it is axiomatic that an

-

appellate court's review of the case is limited to the record on appeal. The absence or late filing of the transcript [or written statement of facts], however, does nothing to diminish our jurisdiction. If the record on appeal is sufficient in the absence of the transcript [or written statement of facts] to determine the merits of the appellant's allegations, we are free to proceed to hear the case. See, e.g., Dominion Iron v. Vepco, 215 Va. 658, 660, 212 S.E.2d 715, 718 (1975). . . . If, however, the transcript [or written statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or written statement of facts] a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules. Barrett v. Barrett, 1 Va. App. 378, 380, 339 S.E.2d 208, 209 (1985).

We must decide, therefore, whether the transcript [or written statement of facts] is necessary to the resolution of the issue presented in this case. If the issue can be decided without the transcript [or written statement of facts], we may proceed to do so in its absence. If we determine that the transcript [or written statement of facts] is indispensable and is not a part of the record before us for review, we must dismiss the appeal on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented.

Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

Our review of the instant appeal clearly discloses that a written statement of facts, complying with Rule 5A:8(c), is indispensable to the determination of the issue in this case

-

and, therefore, the requirements for its inclusion in the record must be strictly adhered to.  Id.  "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."  Rule 5A:8(b); see Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992).

For the foregoing reasons, we dismiss this appeal.

Dismissed.

-