COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


H. R. ASHE AND
 AMERICAN EASTERN, INC.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1268-04-1                       JUDGE NELSON T. OVERTON
                                                        DECEMBER 21, 2004
STATE WATER CONTROL BOARD


                    FROM THE CIRCUIT COURT OF YORK COUNTY
                             Prentis Smiley, Jr., Judge

            Mark R. Baumgartner (Douglas E. Kahle; Pender & Coward, P.C.,
            on briefs), for appellants.

            John K. Byrum, Jr., Assistant Attorney General (Jerry W. Kilgore,
            Attorney General; Roger L. Chaffe, Senior Assistant Attorney
            General; Rick R. Linker, Assistant Attorney General, on brief), for
            appellee.


        H. R. Ashe and American Eastern, Inc. (appellants) appeal a decision of the trial court

affirming a decision of the State Water Control Board (the Board) denying appellants' application

for a permit related to the commercial development of a parcel of property.  Because the record is

inadequate to determine the trial court's rulings on the issues, we dismiss the appeal.

        Appellants, owners and developers of an eighteen-acre parcel of property located in York

County, proposed to develop a commercial site on the property.  Appellants filed a Joint Permit

Application and Permit Support Document with the Board related to the potential impacts the

project would have to water features located within the project area.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On December 3, 2003, the Department of Environmental Quality held an informal fact finding hearing concerning the permit application. On January 15, 2004, the hearing officer issued a case decision in favor of the Board and appellants appealed that decision to the trial court.

The final order in this case states that on April 12, 2004, the trial court held a hearing on appellants' appeal of the administrative case decision. The order further states that the trial court affirmed the case decision "for the reasons stated from the bench." Appellants endorsed the final order, "Seen and objected to: for the reasons stated on the record [and] in the briefs." However, appellants failed to file a transcript for the April 12, 2004 hearing, nor did they file a written statement of facts signed by the trial judge. See Rule 5A:8. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b). See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

A transcript or written statement of facts is indispensable to the determination of the issues appellants raise on appeal. The trial court's order affirms the Board's case decision for reasons we do not know and based upon evidence not before us. Furthermore, appellants' objections to the trial court's ruling were "stated on the record" and are equally unknown to this Court because we have no record of the hearing. Although the record on appeal contains appellants' written petition and brief filed in the trial court, the record in no way reflects what arguments appellants made to the trial court, what evidence was introduced at the hearing, or on what basis the trial court ruled. Without these facts, the merits of appellants' claims cannot be reviewed.

"[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of."  Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).  When a transcript is indispensable to the determination of an issue, the absence thereof in the record is a jurisdictional defect and requires dismissal of the claim. Goodpasture v. Goodpasture, 7 Va. App. 55, 57, 371 S.E.2d 845, 846 (1988).  Accordingly, we dismiss this appeal "on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented."  Turner, 2 Va. App. at 100, 341 S.E.2d at 402.

Dismissed.