COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


KELLY JEAN FULLER

                                        MEMORANDUM OPINION* BY
v.        Record No. 2289-04-3          JUDGE ELIZABETH A. McCLANAHAN
                                        MAY 23, 2006
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                Charles H. Smith, Jr., Judge Designate

          Nicholas B. Compton (Compton & Compton, P.C., on brief), for
          appellant.

          Virginia B. Theisen, Assistant Attorney General (Judith Williams
          Jagdmann, Attorney General, on brief), for appellee.


        On November 4, 2004, the trial court entered an order convicting Kelly Jean Fuller of

various drug-related offenses and felony child neglect.  On appeal, Fuller contends the trial court

erred in denying her motion to suppress evidence she alleges was obtained in violation of her

Fourth and Fifth Amendment rights.  Fuller's filing of the transcript of the pre-trial suppression

hearing was, however, untimely.  As this transcript is indispensable to the determination of the

case, we must dismiss the appeal.

                              I.  Procedural Background

        At the suppression hearing on June 25, 2004, Fuller moved to suppress evidence she

alleged was obtained in violation of her Fourth and Fifth Amendment rights.  Judge Michael L.

Moore, who presided over the suppression hearing, denied the motion.  At trial on August 17,

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2004, Fuller renewed her motion to suppress. The trial judge, Judge Charles H. Smith, Jr., denied Fuller's renewed motion by relying on the prior decision of the court.

Fuller appealed to this Court arguing the circuit court erred in denying her motion to suppress. However, the transcript of the suppression hearing was not timely filed. On February 10, 2005, this Court entered a show cause order requesting Fuller to explain why this appeal should not be dismissed. The order mandated that Fuller "explain why the questions can be decided without reference to [the transcript of the motion to suppress hearing]." On March 21, 2005, Fuller responded to the show cause order stating that the testimony presented at the suppression hearing was identical to the testimony presented at trial.

## II. Analysis

"[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

The record confirms that Fuller's filing of the transcript of the suppression hearing was untimely, and this Court did not grant an extension of time for filing.[1] "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit

---

[1] Rule 5A:8(a) provides:

> Transcript. The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment. Upon a written motion filed within 60 days after entry of the final judgment, a judge of the Court of Appeals may extend this time for good cause shown.

resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b). "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). See, e.g., Smith v. Commonwealth, 32 Va. App. 766, 771-72, 531 S.E.2d 11, 14 (2000) (dismissing appeal as to issues where transcript is indispensable and not part of record on review); Goodpasture v. Goodpasture, 7 Va. App. 55, 57, 371 S.E.2d 845, 846 (1988) (absence of transcript that is indispensable to determination of entire appeal is jurisdictional defect that requires dismissal of the appeal).

Fuller indicates that the transcript of the suppression hearing was identical to the trial transcript, therefore, this Court has before it all of the evidence necessary to determine whether the trial judge erred by denying her motion to suppress. However, when Fuller attempted to revisit the denial of her motion to suppress, the trial judge stated, "[t]his court would not be inclined to substitute its judgment for that of the [judge who ruled on the motion], so that ruling will stand . . . ." To determine whether Fuller's factual representations about the suppression hearing are accurate or if her claims have legal merit, we necessarily have to consult the transcript of the suppression hearing, particularly since the trial judge summarily relied on the initial judge's ruling on the motion to suppress.[2] We are, however, precluded from doing so, as the transcript of the suppression hearing was not timely filed.

Without reference to the untimely-filed transcript of the suppression hearing, we are unable to ascertain the parties' arguments, the facts and evidence presented, the basis of the

---

[2] Indeed, Fuller acknowledged this in her motion to strike when she indicated that the trial court "didn't hear" the motion to suppress, and instead, simply enforced the initial judge's ruling on the motion.

- 3 -

judge's ruling, and whether the evidence presented supports the denial of the motion to suppress. Therefore, the transcript is indispensable to our determination of this case. "If we determine that the transcript is indispensable and is not a part of the record before us on review, we must dismiss the appeal on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented." Turner, 2 Va. App. at 99, 341 S.E.2d at 402. "If an insufficient record is furnished, the judgment appealed from will be affirmed." White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995). Based on the record before us, we are unable to review Fuller's claim that the trial court erred in denying her motion to suppress.

## III. Conclusion

Accordingly, we must dismiss the appeal for failure to comply with the mandatory provisions of Rule 5A:8, thereby allowing Fuller's convictions to stand. See Turner, 2 Va. App. at 100, 341 S.E.2d at 402.

Dismissed.